UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DRIFTLESS AREA LAND CONSERVANCY and WISCONSIN WILDLIFE FEDERATION,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL HUEBSCH, REBECCA VALCQ, ELLEN NOWAK, and PUBLIC SERVICE COMMISSION OF WISCONSIN,<br><br>Defendants,<br><br>AMERICAN TRANSMISSION COMPANY LLC, BY ITS CORPORATE MANAGER, ATC MANAGEMENT, INC, DAIRYLAND POWER COOPERATIVE, AND ITC MIDWEST LLC,<br><br>Intervenor-Defendants, | No. 19-cv-1007 |

**INTERVENOR-DEFENDANT AMERICAN TRANSMISSION COMPANY LLC, DAIRYLAND POWER COOPERATIVE, AND ITC MIDWEST LLC'S REPLY IN SUPPORT OF MOTION TO STAY THE PROCEEDINGS AND POSTPONE THE TRIAL**

On October 20, the Intervenor-Defendants asked this Court to stay the proceedings until the Court issues its decision on the pending motions to dismiss. (ECF No. 101) On October 27, the Plaintiffs responded in opposition. (ECF No. 113) At the telephone motion hearing held on October 28, the parties were instructed that the Court was likely to rule on the pending motions to dismiss by Monday, November 2. Had this occurred, the Intervenor-Defendants' motion to stay the proceedings and postpone the trial would have effectively been moot.

On Friday October 30, however, the Court scheduled oral arguments on the pending motions to dismiss, which will occur on November 9. (ECF No. 125) Given this new

development, and the numerous pending discovery disputes (none of which should be occurring because discovery should have been stayed months ago), the Intervenor-Defendants hereby reiterate the need for this Court to immediately stay all proceedings.

## ARGUMENT

The Plaintiffs' response spends very little time disputing the threshold question of whether this Court should have stayed the proceedings because the government Defendants' raised immunity defenses. This is for good reason, since the Seventh Circuit's decision in *Landstrom* is directly on point.[1] *Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (raising immunity in a motion to dismiss requires the stay of all discovery).

The Plaintiffs instead raise two novel legal arguments in their response brief. Notwithstanding the fact that the Plaintiffs cited to no authority in support of these two new, inventive arguments, the Intervenor-Defendants felt they should briefly reply.[2]

---

[1] The Plaintiffs do spend some time disputing the merits of the government Defendants' immunity defenses—calling the arguments "very weak and unlikely to prevail." (ECF No. 113 at 14) But the cases Plaintiffs cite are inapposite. For example, in *Apostal v. Gallion*, the Seventh Circuit noted that an interlocutory appeal from an immunity determination typically divests a trial court of jurisdiction to require the appealing defendants to stand trial, although the district court could certify that the appeal is frivolous or forfeited to proceed with trial. 870 F.2d 1335, 1338-39 (7th Cir. 1989). Moreover, Plaintiffs cite various lower court decisions for the proposition that district courts regularly take a "preliminary peek" at the merits of a motion to dismiss before staying discovery, (ECF No. 113, at 14-15), but none of those cases involves any immunity defenses. At base, the Plaintiffs seem to be arguing that the Court should decide the merits of the immunity defenses in order to decide whether to stay discovery pending a decision on the immunity defenses. Such an approach would put the cart before the horse.

[2] The Plaintiffs' response brief includes hyperbole and numerous unsubstantiated (and inaccurate) factual assertions. For example, the Plaintiffs assert that the Intervenor-Defendants' motion is just "one more attempt in the continuing series of efforts by Defendants and Defendant-Intervenors to delay discovery in this case." (ECF No. at 2) Not only is this factually inaccurate, the Plaintiffs themselves are to blame for delaying discovery. The Plaintiffs served their first set of discovery on the government Defendants on June 3, and by their own admission, the government Defendants served "the final round of production on July 10, 2020." (*Id.* at 4) The Plaintiffs did not propound any more discovery on the government Defendants or the Intervenor-Defendants in this case until October—nearly three months later. Regardless, because the facts underlying the various pending discovery disputes have no bearing on whether this Court should stay the proceedings, the Intervenor-Defendants will not reply to them here.

I. **The Court can correct errors in prior orders at any time.**

First, the Plaintiffs argue that the Intervenor-Defendants cannot seek a stay because this Court already refused to stay discovery, the government Defendants did not appeal that prior decision, and the Intervenor-Defendants agreed to the Court's schedule after they were allowed to intervene. (ECF 113 at 13-14) This waiver argument, however, belies both common sense and the law.

Until it issues a final judgment, this Court always has the ability to revise previous orders that it determines were made in error. And a party does not, and cannot, waive its ability to ask the Court to correct those prior errors. Such a rule would lead to absurd results, effectively tying the Court's hands and not allowing it to correct its own mistakes.

The Court's decision to allow discovery to proceed was, of course, interlocutory, and according to Fed. R. Civ. P. 54(b), the Court is allowed to revise interlocutory orders <u>at any time before the entry of a final judgment</u>. Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *see also Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.3d 804, 809 (8th Cir. 2003) (recognizing the "well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory").

In other words, district courts have inherent authority under Fed. R. Civ. P. 54(b) to reconsider interlocutory orders and re-open any part of a case prior to the entry of final judgment. *Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015). Such reconsideration is appropriate when there is 1) an intervening change of controlling law; 2) new evidence available; or 3) a need to correct a clear error or prevent manifest injustice. *Id.*

(citations omitted). Here, there is a need to correct a clear error of law, and the Court needs to do so to prevent manifest injustice.

Moreover, all interlocutory orders merge into the final judgment and can be challenged in an appeal from that judgment. *See Baldwin v. Redwood City*, 540 F.2d 1360, 1364 (9th Cir. 1976). As such, one does not waive the right to re-argue the merits of an interlocutory order by failing to appeal it; in fact, there are only a few situations were an interlocutory order is even appealable (like when a party raises sovereign immunity as a defense). *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (immunity immediately appealable).

**II.     The Intervenor-Defendants do have standing to request a stay of discovery.**

Second, the Plaintiffs argue that the Intervenor-Defendants do not have standing to ask this Court for a stay because the government Defendants' are the potentially immune parties. (ECF No. 113, at 12-13) Putting aside the question of whether the Intervenor-Defendants have standing to raise the issue (they do, as discussed below), for the same reasons discussed above, a party can always (and should be encouraged to) bring to the Court's attention a procedural error that previously occurred in the case. Moreover, the government Defendants' already asked the Court for a stay, so their position is known, and their right to appeal that decision has been preserved. From a practical perspective, whether the Intervenor-Defendants have standing to ask for a stay without the government Defendants' also seeking such relief is immaterial.

In any event, to demonstrate standing under Article III of the U.S. Constitution, a party must demonstrate "(1) injury in fact (the actual or imminent invasion of a concrete and particularized interest), (2) causation (a causal connection between the defendant's actions and the injury), and (3) redressability (the likelihood that the injury is redressable by a favorable court decision)." *Heartwood, Inc. v. U.S. Forest Serv.*, 230 F.3d 29 947, 951 (7th Cir. 2000); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The Intervenor-Defendants easily

meet this test. The Seventh Circuit has in fact already decided that the Intervenor-Defendants have standing:

> There is also a minor debate about standing. We do not understand why. The transmission companies hold valuable rights under the government-issued permit authorizing them to build a major power line . . . The permit—and thus the entire power-line project—is at risk of nullification in this litigation. A favorable decision will prevent that injury. No more is needed for Article III standing.

*Driftless Areas Land Conservancy v. Michael Huebsch, et al.*, Case No. 20-1350 slip op. at 5, n. 1 (7th Cir. 2020).

The Co-Owners have an independent right to participate in this proceeding, which includes the right to ensure that the procedures in the proceeding are properly followed. *Id*. at slip. op. 7-13. Moreover, allowing discovery to proceed will cause the Intervenor-Defendants (and more particularly, their ratepayers) to incur substantial and unnecessary costs defending and responding to discovery that never should have been allowed to proceed in the first place. This Court's order staying discovery will redress that potential injury.

Plaintiffs cite *Brown v. Colegio De Abogados De Puerto Rico*, 826 F.Supp. 2d 406, 418 (D.P.R. 2011) to support their argument that Defendant-Intervenors cannot raise the government Defendants' immunity defense as a reason for staying discovery. (ECF No. 113, at 12). In *Brown*, bar association members sued as a class and alleged that the bar association violated their First Amendment rights by requiring them to purchase life insurance. *Brown*, 826 F. Supp. 2d at 409-10. The court held that several putative intervenors did not have standing to raise an Eleventh Amendment immunity *defense* on the bar association's behalf, and that because the bar failed to argue immunity during the case, the bar association had waived its immunity defense. *Id.* at 418-19.

In other words, the putative intervenors in *Brown* were attempting to raise an immunity defense as a substantive matter—that is, in an attempt to convince the Court to alter a judgment it had already entered—and the primary defendant had not raised such a defense. That is obviously not the situation here, where the primary Defendants <u>have raised</u> an immunity defense, (*see* ECF No. 7, at 7-12), and Intervenor-Defendants are requesting that the Court stay discovery in light of that reality. Accordingly, *Brown* is not instructive. And regardless, even if the Intervenor-Defendants did not have standing, the government Defendants certainly do have standing, and they have expressly indicated that they support Intervenor-Defendants' motion for a stay. (*See* ECF No. 101, at 2 n.1).

## CONCLUSION

For these reasons and the reasons articulated in their motion, the Intervenor-Defendants respectfully move this court to immediately stay all proceedings and postpone the trial pending the outcome of its ruling on the motions to dismiss and any appeals thereof.

Dated: November 2, 2020

Respectfully submitted,

| | |
|---|---|
| **PERKINS COIE, LLP** | **FREDRIKSON & BYRON, P.A.** |
| /s/ Brian H. Potts | /s/ Lisa M. Agrimonti |
| Brian H. Potts (Wis. Bar No. 1060680) | Lisa M. Agrimonti (Wis. Bar No. 1032645) |
| David R. Zoppo (Wis. Bar No. 1094283) | Haley L. Waller Pitts (Wis. Bar No. 1115291) |
| 33 East Main Street, Suite 201 | John P. Pavelko (MN Bar No. 0398495) |
| Madison, WI 53703-5118 | 200 South 6th Street, Suite 4000 |
| Tel: (608) 663-7460 | Minneapolis, MN 55402 |
| Fax: (608) 663-7499 | Tel: (612) 492-7000 |
| Email: bpotts@perkinscoie.com | Fax: (612) 492-7077 |
| dzoppo@perkinscoie.com | Email: lagrimonti@fredlaw.com |
| | hwallerpitts@fredlaw.com |
| | jpavelko@fredlaw.com |

*Attorneys for Intervenor-Defendant-Appellants American Transmission Company LLC and ATC Management Inc.*

**WHEELER, VAN SICKLE & ANDERSON, S.C.**

*/s/ Justin W. Chasco*
Justin W. Chasco (Wis. Bar No. 1062709)
44 East Mifflin Street, Suite 1000 Madison, WI 53703
Tel: (608) 255-7277
Fax: (608) 255-6006
Email: jchasco@wheelerlaw.com

*Attorney for Intervenor-Defendant-Appellant Dairyland Power Cooperative*

**TAFT STETTINIUS & HOLLISTER LLP**
Valerie T. Herring
(Wis. Bar No. 1076996)
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2157
Tel: (612) 977-8400
Fax: (612) 977-8650
Email: vherring@taftlaw.com

*Attorneys for ITC Midwest LLC*