IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DRIFTLESS AREA LAND CONSERVANCY
and WISCONSIN WILDLIFE FEDERATION,

    Plaintiffs,

v.                                          Case No.  19-cv-1007

MICHAEL HUEBSCH, REBECCA VALCQ,
and ELLEN NOWAK, Commissioners, and
PUBLIC SERVICE COMMISSION
OF WISCONSIN,

    Defendants.

## DEFENDANTS' MOTION TO STAY THE PROCEEDINGS
## AND POSTPONE THE TRIAL

### INTRODUCTION

Defendants Public Service Commission of Wisconsin, Michael Huebsch, Rebecca Valcq and Ellen Nowak respectfully request that the Court stay these proceedings until the pending motions to dismiss, and any appeals of those motions, have been resolved. As discussed below, Defendants have consistently maintained that discovery should have been stayed pending resolution of their motion to dismiss, and that they should not be subjected to the burdens of this litigation until their immunity and other threshold defenses have been resolved, which, should this Court deny the motions to dismiss, will ultimately need to be resolved by the Seventh Circuit. The recent events occurring in this case make the need for the stay all the more appropriate.

The Court's Opinion and Order, filed on Friday, October 30, states that the Court would benefit from oral argument relating to Defendants' sovereign immunity defense that was raised in Defendants' pending motion to dismiss. Dkt. 125. It thus indicated that the Court does not find

1

that defense to be frivolous. Oral argument was scheduled for a week from today, November 9, 2020. There are multiple discovery disputes before the Court, and substantial depositions that have been scheduled for the coming weeks.

*Richman v. Sheahan* holds that discovery should not occur when immunity is raised as a defense, and any order denying Defendants' immunity defense is immediately appealable. 270 F.3d 430, 434 (7th Cir. 2001). In light of the apparent imminence of a decision on the motions to dismiss, the Court's request that the parties expend efforts this week on preparing for oral argument, the reality that Defendants will immediately appeal a denial of the pending dismissal motions, and the increasing burdens of this litigation, the Court should stay the remaining discovery and upcoming summary judgment deadlines until those motions have been resolved.

## BACKGROUND

Defendants raised their Eleventh Amendment sovereign immunity defenses in their motion to dismiss (Dkt. 7 at 7-12), at the February 2020 pretrial conference (Dkt. 50 at 3), and again when Plaintiffs attempted to serve discovery after the initial stay expired (Dkt. 62). Defendants then attempted to meet and confer with Plaintiffs about whether discovery should continue given their immunity defenses, before Defendants would file a motion to stay discovery. *Id.* Those meet and confer efforts were met with a motion to compel, weeks before any discovery was due. The motion was granted against Defendants the day after the motion was filed, without Defendants having had an opportunity to respond. Dkt. 61. The immunity defenses were quickly again raised in Defendants' motion for reconsideration (Dkt. 62), which was promptly denied. The text Order from the Court effectively denied Defendants' intended motion for a stay before it was even filed, making it quite clear that the Court did not wish to hear from Defendants on the issue again, stating that "[n]oncompliance will put defendants in Rule 37(b) territory." Dkt. 64.

Defendants heard the Court loud and clear, and thus thereafter complied with discovery as expeditiously as possible. In doing so, Defendants have continued to work with Plaintiffs to provide a large volume of documents and to schedule depositions as quickly as possible.[1] To date, discovery has given rise to numerous discovery disputes that remain before the Court, and has resulted in the scheduling of depositions for dates extending past the recently extended dispositive motion deadline of November 2020. Unless and until the Court stays this proceeding, Defendants will continue to prioritize their compliance with discovery obligations, which will require substantial time and expense.

Defendants thus understand that the Court has not previously found the immunity defenses to be a compelling reason for staying discovery. Because Defendants still believe that immunity should protect them, Defendants supported, and continue to support, Intervenor-Defendant American Transmission Company LLC, Dairyland Power Cooperative, and ITC Midwest LLC's Motion to Stay the Proceedings and Postpone the Trial. Dkt. 101 at 2, n. 1. Moreover, as Intervenor-Defendants point out in their brief, the level of discovery that has been served and noticed by Plaintiffs in the weeks just prior to the original November 6, 2020, dispositive motion deadline has been staggering. Dkt. 101 at 5-6. As this Court is well-aware through the discovery disputes that have already come before it, the scope of discovery has gone far beyond the allegations in the Complaint that Commissioner Huebsch may have been biased by his

---

[1] Plaintiffs' accusation that Defendants have delayed discovery in this case because they did not get documents through an Open Records Request as quickly as they desired is inappropriate, as the Federal Rules of Civil Procedure govern Defendants' obligations to provide information in this litigation. In any event, the implication that the Commission ignored the January 21, 2020 Open Records request until May 2020 is misleading. Dkt. 113 at 4. In fact, the Commission's General Chief Legal Counsel, the Commission's records custodian, was on medical leave when the request was received, yet acknowledged receipt and engaged in extensive communications regarding the scope of the request. The Open Records request also coincided with the onset of remote-working and Commission emergency actions relating to the COVID-19 pandemic. The action related to the Open Records Request was dismissed with prejudice, by stipulation of the parties.

3

participation in MISO and Commissioner Valcq may have been biased by a prior relationship with the WE Energy Group entities (none of which were parties to the underlying docket).

Resolution of those discovery disputes, upcoming depositions, and work on summary judgment filings will continue to burden Defendants, will take parties' time away from their preparation for oral argument regarding the motions to dismiss, and will be costly for all involved.

## ARGUMENT

### I. The Motion for Stay Is Procedurally Proper.

In responding to Intervenor-Defendants' motion for a stay, Plaintiffs themselves acknowledge that Courts order stays when a pending motion to dismiss raises governmental immunity issues to protect the government from the burden of discovery and other aspects of litigation if the case is ultimately going to be dismissed. Dkt. 113 at 3. They also recognize "[t]he logic behind staying discovery while a court resolves an immunity question is about preventing harassment and hassle of 'high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties' through discovery when they will ultimately be immune." Dkt. 113 at 12-13 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 686 (2009)).

If the pending motions to dismiss are denied, Defendants will promptly appeal that decision to the Seventh Circuit. *Richman v. Sheahan* teaches that any order denying the Defendants' immunity defense is immediately appealable, and discovery should not occur where immunity is raised as a defense. 270 F.3d 430, 434 (7th Cir. 2001); *Landstrom v. Illinois Dep't of Children & Family Servs.,* 892 F.2d 670, 674 (7th Cir. 1990) ("The Supreme Court has instructed that trial courts not only may but should decide the legal issue of qualified immunity in § 1983 cases before allowing discovery.").

Defendants have been advocating for a stay of discovery since the beginning of this litigation. The appropriateness of a stay in this action has become even more apparent as the scope and extent of Plaintiffs' discovery efforts have increased. The Court is entitled to consider the increasing burden on the government defendants, and the burden on other parties and the Courts that would be caused by unnecessary proceedings, in considering how to manage this docket.

As Defendants noted in their motion for reconsideration, interlocutory orders are subject to revision at any time before the entry of final judgment. *See* Fed. R. Civ. ¶ 54(b)(b); *Raytheon Constructors, Inc. v. Asarco, Inc.,* 368 F.3d 1214, 1216-17 (10th Cir. 2003). Moreover, the Court has the inherent power to manage its own docket. Defendants' continuing request has now been joined by others because the burden has expanded beyond Defendants themselves, the expenses and inefficiencies continue to mount, and a denial of the motions to dismiss will immediately be appealed, thus making it logical to wait for the appellate court to weigh in. This motion formally renews Defendants' request for the relief once more.

**II. Defendants Should Not Be Subjected to Discovery.**

As Defendants pointed out in their motion for reconsideration of the Court's motion to compel order, though requests for discovery stays are not automatic, they are granted with some frequency where there is good cause. *See* Dkt. 62 at 4 (citing *DSM Desotech, Inc.,* 2008 WL 4812440, at *2.). They are "often deemed appropriate where [a pending] motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where . . . discovery may be especially burdensome . . . ." *Id.* at 4-5 (citing *DSM Desotech, Inc.,* 2008 WL 4812440, at *2; *Duneland Dialysis LLC v. Anthem Ins. Companies, Inc.,* No. 409-CV-36-RLM-PRC, 2010 WL 1418392, at *4 (N.D. Ind. Apr. 6, 2010) (where a "dispositive threshold issue (standing) may dispose of the instant case, and Plaintiffs have failed to show that additional

5

discovery is needed to oppose the Defendant's Motion to Dismiss or that they will suffer prejudice, the instant Motion [to stay] is granted."); *Sprague v. Brook,* 149 F.R.D. 575, 577 (N.D. Ill. 1993).

The Commission's motion to dismiss raises several threshold issues that bar Plaintiffs' claims, including sovereign immunity, standing, and jurisdiction. *See generally* Dkt. 7. Defendants' position has been that discovery never should have begun. The discovery lodged against Defendants and other parties in this case has been, and is poised to be even more, burdensome, which is also a factor considered by Courts regarding the appropriateness of a stay. *See DSM Desotech Inc.,* 2008 WL 4812440, at *2. Plaintiffs have already compelled Defendants to turn over personal communications that Plaintiffs intend to use for purposes other than this litigation, and now seek Commissioner Valcq's personal texts with former law firm colleagues who have nothing to do with this case.

Given that (1) Plaintiffs noticed several of the depositions in question for dates after the date of the original, and now the extended, dispositive motion deadline and (2) the pending motions to dismiss are fully briefed and are based on the allegations in the Complaint, no facts that could be ascertained by Plaintiffs through discovery would help them in defeating the motions, and Plaintiffs would not be prejudiced by a stay. *See Duneland Dialisis LLC,* 2010 WL 1418392 at *4; *Sprague,* 149 F.R.D. at 577. Indeed, Plaintiffs' response to Intervenor-Defendants' motion to stay volunteered that moving the dispositive motion deadlines until December 7th would not be objectionable. Dkt. 113 at 3.

Moreover, Intervenor-Defendants are correct in calling a spade a spade, suggesting that the Court consider what will actually occur once the motions to dismiss are decided. Dkt. 101. If a motion to dismiss is granted, the discovery that is presently noticed, and the Court's resolution of the multiple discovery disputes, and summary judgment briefing, will not be necessary (unless

Plaintiffs appeal and are successful on that appeal). Judicial and party resources (which in this case implicate costs borne by taxpayers and utility ratepayers) would be saved by a stay.

Particularly given the breadth and extent of Plaintiffs' eleventh hour efforts to fish for information to support their claims, information that is entirely absent from the thousands of documents that have been produced in this case thus far, and the extensive motion practice that is already before the Court, which may not be the end of discovery disputes, a stay should be granted to protect Defendants from the continuing burden of this litigation until their immunity defense has been resolved. Moreover, the parties' and the Court's limited time and resources would now be much better used preparing for oral argument than preparing for and participating in depositions, and drafting summary judgment filings that may not be necessary.

## CONCLUSION

The Court should grant Defendants' motion to stay these proceedings and postpone the trial until the motions to dismiss and any resulting appeals have been resolved. At a minimum, the dispositive motion deadline should be extended for 30 days.

Dated on November 3, 2020.

By:   s/ Christianne A.R. Whiting
      Christianne A.R. Whiting
      Assistant General Counsel
      State Bar No. 1076965

PUBLIC SERVICE COMMISSION OF WISCONSIN
4822 Madison Yards Way, 6th Floor
Post Office Box 7854
Madison, Wisconsin 53707-7854
(608)-267-7972
Christianne.Whiting@wisconsin.gov

7

1