# Exhibit B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DRIFTLESS AREA LAND CONSERVANCY and WISCONSIN WILDFLIFE FEDERATION,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL HUEBSCH, REBECCA VALCQ, and ELLEN NOWAK, Commissioners, and PUBLIC SERVICE COMMISSION OF WISCONSIN,<br><br>Defendants,<br><br>AMERICAN TRANSMISSION COMPANY LLC, DAIRYLAND POWER COOPERATIVE, and ITC MIDWEST LLC,<br><br>Intervenor-Defendants. | No. 19-CV-1007-wmc |

**INTERVENOR-DEFENDANT DAIRYLAND POWER COOPERATIVE'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' AMENDED FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Intervenor-Defendant Dairyland Power Cooperative (DPC) provides this supplemental response to Plaintiffs' Amended First Requests for Production of Documents ("Requests"), which were served on DPC on October 13, 2020, as follows:

**GENERAL OBJECTIONS**

1. DPC objects to the Requests to the extent that they seek production of information or documents protected from discovery by the attorney work product doctrine, the attorney-client privilege, joint defense/prosecution privilege, common interest doctrine, or any other applicable

privilege. Nothing contained in these objections will be intended to, or shall in any way be deemed, a waiver of any such privilege or doctrine.

2. DPC objects to Plaintiffs' Instructions to the extent they are contrary to, or seek to impose obligations upon DPC, beyond those imposed under the Federal Rules of Civil Procedure.

3. DPC objects to the Requests to the extent that they seek documents or information that are not in DPC's possession, custody, or control.

4. DPC objects to the Requests to the extent that they seek documents or information that is already available to Plaintiffs or may be derived from Plaintiffs' own files or public sources.

5. DPC objects to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, or unnecessarily duplicative or cumulative.

6. DPC objects to the Requests to the extent that they seek information not relevant to and proportional to the needs of this case.

7. DPC objects to the Requests to the extent that they seek information that is confidential and will only produce such information consistent with DPC's obligations under the protective order that has been entered in this case.

8. DPC objects to the Requests to the extent that the burden and expense of producing the requested information far exceeds its probative value to any issue in this case or is disproportionate to the needs of the case.

9. DPC objects to the Requests' definition of "communication" and "communications" as overly broad, unduly burdensome, duplicative, and not calculated to lead to the discovery of relevant evidence.

10. DPC explicitly reserves its rights to (a) supplement or amend these responses and objections; (b) object to the disclosure of information subject to any of the privileges identified in General Objection 1; and (c) object to other or supplemental requests that Plaintiffs may issue involving or concerning the subject matter of the Requests.

11. DPC incorporates by reference the General Objections set forth above into the Specific Objections and responses set forth below. The fact that any Specific Objection or response may repeat one or more of these General Objections is not a waiver of the other General Objections, each and all of which are incorporated into the Specific Objections and responses set forth below.

## REQUESTS FOR PRODUCTION

**REQUEST NUMBER 1:** For each communication occurring between January 1, 2018, and the present, between (a) Michael Huebsch or anyone communicating on his behalf, such as his representative, co-worker, employee, agent, or assistant, and (b) your representative, employee, agent, board member, officer, or attorney, please produce all documents reflecting, recording, noting, memorializing, or describing the communication.

**DPC RESPONSE:** DPC objects to this Request because it seeks information that is not relevant to any party's claim or defense and the production of the requested information is not proportional to the needs of this case and would pose an undue burden on DPC. Plaintiffs' complaint in this action ("Complaint") alleges that, by virtue of his official appointment to the Organization of MISO States and his service on the MISO Advisory Committee, Commissioner Huebsch allegedly engaged in *ex parte* communications, had conflicts of interest that "created at least the appearance of bias and impropriety if not actual bias and impropriety," and was therefore required to recuse himself from the Public Service Commission of Wisconsin's ("Commission") deliberations in Docket No. 05-CE-146 ("the Proceeding") concerning the

Cardinal-Hickory Creek 345-kilovolt transmission line project ("Cardinal-Hickory Creek Project" or "Project"). (*See* Complaint, ¶¶ 151-160) Communications between Commissioner Huebsch and DPC are not relevant to these claims, and the burden of producing these is not proportional to the needs of this case.

Even if such communications were relevant, they would only be relevant to the extent the communications discussed the Proceeding or the Project. However, the Request demands production of <u>any</u> communications between Commissioner Huebsch and DPC, regardless of whether those communications discussed, or are even related to, the Proceeding or the Project. Accordingly, the Request is overly broad in scope, unduly burdensome, and requests information that is not proportional to the needs of this case.

The Request is also overbroad and unduly burdensome because it requests communications between Commissioner Huebsch or "anyone communicating on his behalf," and any DPC "representative, employee, agent, board member, officer, or attorney." As drafted, this Request would effectively require DPC to produce communications between anyone at DPC and anyone at the Commission about any subject matter whatsoever. The Request would sweep in (for example) communications with Commission staff related to matters or dockets that are completely unrelated to the Project or the Proceeding. The Request is clearly not calculated to obtain relevant information that is proportional to the needs of this case, but rather, to harass DPC and waste its time.

The Request is also overbroad because it is not reasonably limited in time. DPC and the other owners of the Project—ITC Midwest LLC and American Transmission Company LLC (collectively, "the Co-Owners")—filed their application for a Certificate of Public Convenience and Necessity ("CPCN") to construct the Project in April 2018 and the Commission issued its

-4-

final decision approving the CPCN in September 2019. Therefore, the Proceeding was only active before the Commission between April 2018 and September 2019. Any communications occurring outside of this timeframe are irrelevant to any party's claim or defense, and requiring DPC to produce such communications would impose an undue burden on DPC and is not proportional to the needs of this case.

Subject to these objections, DPC will produce communications between Commissioner Huebsch and DPC that occurred between January 1, 2018 and September 26, 2019. DPC's review of potentially responsive communications is ongoing and DPC will produce such communications no later than November 19, 2020.

**NOV. 19, 2020 SUPPLEMENTAL RESPONSE:** Communications between Commissioner Huebsch and DPC that occurred between January 1, 2018 and September 26, 2019 are being produced to DALC/WWF via email with Bates Nos. DPC-00001 through 00172.

**REQUEST NUMBER 2:** For each communication occurring between January 1, 2018, and the present, between (a) Rebecca Valcq or anyone communicating on her behalf, such as her representative, co-worker, employee, agent, or assistant, and (b) your representative, employee, agent, board member, officer, or attorney, please produce all documents reflecting, recording, noting, memorializing, or describing the communication.

**DPC RESPONSE:** DPC objects to this Request because it seeks information that is not relevant to any party's claim or defense and the production of the requested information is not proportional to the needs of this case and would pose an undue burden on DPC. Broadly speaking, the Complaint alleges that Chairperson Valcq's prior employment and affiliation with WEC Energy Group and Wisconsin Electric Power Company "create at least an appearance of

bias and lack of impartiality to a reasonable person that warrants recusal." (Complaint, ¶ 150) The Complaint does not allege that Chairperson Valcq engaged in any *ex parte* communications with DPC or any other party to the Proceeding. Therefore, any alleged communications between Chairperson Valcq and DPC are not relevant to Plaintiffs' claims and requiring DPC to produce such communications would not be proportional to the needs of this case.

Even if such communications were relevant, they would only be relevant to the extent that the communications discussed the Proceeding or the Project. However, the Request demands production of any communications between Chairperson Valcq and DPC, regardless of whether those communications discussed, or are even related to, the Proceeding or the Project. Accordingly, the Request is overly broad in scope, unduly burdensome, and requests information that is not proportional to the needs of this case.

The Request is also overbroad and unduly burdensome because it requests communications between Chairperson Valcq or "anyone communicating on her behalf" and any DPC "representative, employee, agent, board member, officer, or attorney." As drafted, this Request would effectively require DPC to produce communications between anyone at DPC and anyone at the Commission about any subject matter whatsoever. The Request would sweep in (for example) communications with Commission staff related to matters or dockets that are completely unrelated to the Project or the Proceeding. The Request is clearly not calculated to obtain relevant information that is proportional to the needs of this case, but rather, to harass DPC and waste its time.

The Request is also overbroad because it is not reasonably limited in time. The Co-Owners filed their CPCN application in April 2018 and the Commission issued its final decision approving the CPCN in September 2019. Therefore, the Proceeding was only active before the

Commission between April 2018 and September 2019. Any communications occurring outside of this timeframe are irrelevant to any party's claim or defense, and requiring DPC to produce such communications would impose an undue burden on DPC and is not proportional to the needs of this case.

Subject to these objections, DPC will produce communications between Chairperson Valcq and DPC that occurred between January 1, 2018 and September 26, 2019. DPC's review of potentially responsive communications is ongoing and DPC will produce such communications no later than November 19, 2020.

**NOV. 19, 2020 SUPPLEMENTAL RESPONSE:** Communications between Chair Valcq and DPC that occurred between January 1, 2018 and September 26, 2019 are being produced to DALC/WWF via email with Bates Nos. DPC-00187-00240.

**REQUEST NUMBER 3:** For each communication occurring between January 1, 2018, and the present, between (a) Ellen Nowak or anyone communicating on her behalf, such as her representative, co-worker, employee, agent, or assistant, and (b) your representative, employee, agent, board member, officer, or attorney, please produce all documents reflecting, recording, noting, memorializing, or describing the communication.

**DPC RESPONSE:** DPC objects to this Request because it seeks information that is not relevant to any party's claim or defense and the production of the requested information is not proportional to the needs of this case and would pose an undue burden on DPC. The Complaint does not allege that Commissioner Nowak engaged in any *ex parte* communications with any party to the Proceeding; that she had any biases or conflicts-of-interest that would require her to

-7-

recuse herself from the Proceeding; or that she engaged in any sort of wrongdoing whatsoever. In fact, Plaintiffs' Complaint mentions Commissioner Nowak only once when it states that she has served has a commissioner "for much of the time since 2011" and "voted in favor of the PSC's Final Decision." (Complaint, ¶¶ 78-79) Since the Complaint does not allege any wrongdoing on the part of Commissioner Nowak, any alleged communications between Commissioner Nowak and DPC are not relevant to Plaintiffs' claims and requiring DPC to produce such communications would not be proportional to the needs of this case.

Even if such communications were relevant, they would only be relevant to the extent that the communications discussed the Proceeding or the Project. However, the Request demands production of <u>any</u> communications between Commissioner Nowak and DPC, regardless of whether those communications discussed, or are even related to, the Proceeding or the Project. Accordingly, the Request is overly broad in scope, unduly burdensome, and requests information that is not proportional to the needs of this case.

The Request is also overbroad and unduly burdensome because it requests communications between Commissioner Nowak or "anyone communicating on her behalf" and any DPC "representative, employee, agent, board member, officer, or attorney." As drafted, this Request would effectively require DPC to produce communications between anyone at DPC and anyone at the Commission about any subject matter whatsoever. The Request would sweep in (for example) communications with Commission staff related to matters or dockets that are completely unrelated to the Project or the Proceeding. The Request is clearly not calculated to obtain relevant information that is proportional to the needs of this case, but rather, to harass DPC and waste its time.

The Request is also overbroad because it is not reasonably limited in time. The Co-Owners filed their CPCN application in April 2018 and the Commission issued its final decision approving the CPCN in September 2019. Therefore, the Proceeding was only active before the Commission between April 2018 and September 2019. Any communications occurring outside of this timeframe are irrelevant to any party's claim or defense, and requiring DPC to produce such communications would impose an undue burden on DPC and is not proportional to the needs of this case.

DPC will not produce documents or communications in response to Request No. 3.

**REQUEST NUMBER 4:** For each communication concerning the appointment of Rebecca Valcq, Ellen Nowak, or any other person to the PSC, occurring between January 1, 2018, and the present, between (1) Tony Evers or anyone communicating on his behalf or on behalf of his transition team, such as his representative, employee, agent, attorney, or assistant, and (b) your representative, employee, agent, board member, officer, or attorney, please produce all documents reflecting, recording, noting, memorializing, or describing the communication.

**DPC RESPONSE:** DPC objects to this Request because it seeks information that is not relevant to any party's claim or defense and the production of the requested information is not proportional to the needs of this case and would pose an undue burden on DPC. Broadly speaking, the Complaint alleges claims of bias and conflicts-of-interest against Chairperson Valcq's and Commissioner Huebsch. Communications between DPC and the Governor of Wisconsin concerning Chairperson Valcq's (or any other person's) appointment (to the extent such communications even exist) are irrelevant to these allegations and bear no relation to the claims Plaintiffs have raised in their Complaint.

The Request is also overbroad because it is not reasonably limited in time. The Co-Owners filed their CPCN application in April 2018 and the Commission issued its final decision approving the CPCN in September 2019. Therefore, the Proceeding was only active before the Commission between April 2018 and September 2019. Any communications occurring outside of this timeframe are irrelevant to any party's claim or defense, and requiring DPC to produce such communications would impose an undue burden on DPC and is not proportional to the needs of this case.

DPC will not produce documents or communications in response to Request No. 4.

**NOV. 19, 2020 SUPPLEMENTAL RESPONSE**: In further objection to the request, DPC states that it infringes upon DPC's rights under the First Amendment of the United States Constitution and Sections 3 and 4 of Article I of the Wisconsin Constitution. DPC will not produce documents or communications in response to Request No. 4.

Dated: November 19, 2020

Respectfully submitted,

**/s/Justin W. Chasco**
Justin W. Chasco
Wisconsin Bar No. 1062709
David A. Bolles
Wisconsin Bar No. 1056907
**Wheeler, Van Sickle & Anderson, S.C.**
44 East Mifflin Street, Suite 1000
Madison, WI 53703
Telephone: (608) 441-3827
Fax: (608) 255-6006
Email: jchasco@wheelerlaw.com
dbolles@wheelerlaw.com
***Attorneys for Intervenor Dairyland Power Cooperative***