UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

DRIFTLESS AREA LAND CONSERVANCY
And WISCONSIN WILDLIFE FEDERATION,

      Plaintiffs,

v.                                                    Case No.  19-cv-1007

MICHAEL HUEBSCH, REBECCA VALCQ,
ELLEN NOWAK, AND PUBLIC SERVICE
COMMISSION OF WISCONSIN,

      Defendants.

---

## DOCKETING STATEMENT

Pursuant to Seventh Circuit Rules 3(c)(1) and 28(a), Defendants Michael Huebsch and Rebecca Valcq ("Appellants") hereby file this docketing statement for their appeal in the above-captioned matter.

### JURISDICTION OF THE WESTERN DISTRICT COURT OF WISCONSIN

In this action, Plaintiffs assert claims under the Fifth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983.  Appellants argued that the district court lacks jurisdiction over Plaintiffs' action because: (1) state sovereign immunity bars Plaintiffs' suit; (2) the court should decline to exercise jurisdiction under the *Younger*[1] and *Colorado River*[2] abstention doctrines; (3) Plaintiffs lack standing; and (4) Plaintiffs' claims are not ripe.  Nonetheless, the district court exercised jurisdiction over Plaintiffs' action pursuant to 28 U.S.C. §§ 1331, 1337.

---

[1] *Younger v. Harris,* 401 U.S. 37 (1971)
[2] *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

1

## JURISDICTION OF THE SEVENTH CIRCUIT COURT OF APPEALS

This appeal is taken from the Opinion and Order of the United States District Court for the Western District of Wisconsin entered on November 20, 2020, by the Honorable William M. Conley, denying in part and granting in part Appellants' motion to dismiss. The district court's denial of Appellants' motion to dismiss due to Appellants' sovereign immunity is immediately appealable to the Court of Appeals on interlocutory review because the appeal meets each of the criteria of the collateral order doctrine: finality, separability from the merits of the underlying action, and practical unreviewability on appeal from a final judgment. Seventh Circuit Rule 28(a).

More particularly, Appellants moved to dismiss Plaintiffs' suit because it is barred by their sovereign immunity, thus they assert their right not to be tried. *Richman v. Sheahan* holds that discovery should not occur when immunity is raised as a defense, and any order denying Appellants' immunity defense is immediately appealable. 270 F.3d 430, 434 (7th Cir. 2001). *See also Scott v. Lacy,* 811 F.2d 1153, 1154 (7th Cir. 1987) (purpose of interlocutory review is to prevent government officials from facing discovery and trial if they are arguing a "right not to be tried" and facing a lawsuit challenging "the official's integrity."). The district court's denial of the motion is final as Appellants will now have to continue with discovery, pre-trial proceedings, and trial. Because sovereign immunity, if applied, would be a complete defense to Plaintiffs' suit, it does not depend on further fact-finding by the Court of Appeals. The decision is practically unreviewable on appeal from a final judgment because if the decision were overturned after trial it would be far too late—Appellants will have been subjected to exactly what the sovereign immunity defense is designed to avoid. *See Richman,* 270 F.3d at 434; *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 928 (7th Cir. 2008) ("Since sovereign immunity is

an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits, the denial of a claim of sovereign immunity is an immediately appealable interlocutory order under the 'collateral order doctrine.'") (quoting *Enahora v. Abubakar,* 408 F.3d 877, 880 (7th Cir. 2005) (internal citation omitted).

Appellants filed their notice of appeal on December 1, 2020, concurrently with this docketing statement. The United States Court of Appeals for the Seventh Circuit ("Court of Appeals") thus has jurisdiction pursuant to 28 U.S.C. § 1291.

Pursuant to Circuit Rules 3(c)(1) and 28(a), Appellants further note that the Court of Appeals has already taken and resolved one appeal arising from this action, relating to a request for intervention, in *Driftless Area Land Conservancy and Wisconsin Wildlife Federation v. Michael Huebsch, et al.*, No. 20-1350; submitted July 2, 2020 and decided August 11, 2020.

[*The remainder of this page is intentionally left blank.*]

Dated this 1st day of December, 2020.

            By:   <u>s/ Christianne A.R. Whiting</u>
                  Cynthia E. Smith
                  Chief Legal Counsel
                  PUBLIC SERVICE COMMISSION
                  OF WISCONSIN
                  4822 Madison Yards Way, 6th Floor
                  P.O. Box 7854
                  Madison, Wisconsin 53707-7854
                  Cynthia.Smith@wisconsin.gov
                  Phone No. 608-266-1264
                  State Bar No. 1021140

                  Christianne A.R. Whiting
                  Assistant General Counsel
                  Christianne.Whiting@wisconsin.gov
                  Phone No. 608-267-7972
                  State Bar No. 1076965

                  Zachary Ramirez
                  Assistant General Counsel
                  Zachary.Ramirez@wisconsin.gov
                  Phone No. 608-266-8128
                  State Bar No. 1082568

*Attorneys for Defendants-Appellants Rebecca Cameron Valcq and Michael Huebsch*