UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

DRIFTLESS AREA LAND
CONSERVANCY and
WISCONSIN WILDLIFE
FEDERATION,

    Plaintiffs,

    v.

MICHAEL HUEBSCH,
REBECCA VALCQ, and
ELLEN NOWAK, Commissioners, and
PUBLIC SERVICE COMMISSION OF
WISCONSIN,

    Defendants.

Case No. 19-CV-1007

---

## DECLARATION OF DONALD SCHOTT IN SUPPORT OF NON-PARTY QUARLES & BRADY LLP'S MOTION FOR CLARIFICATION

---

I, Donald Schott, declare as follows:

1. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto. The following is true and correct to the best of my knowledge and belief.

2. I am an attorney at Quarles & Brady, LLP and serve as the firm's General Counsel.

3. After Magistrate Judge Crocker ordered disclosure of personal communications between Rebecca Valcq and Q&B attorneys, Q&B asked Plaintiffs to agree to delay production of these documents in order to give Q&B time to have its motion for limited intervention decided and for it to raise any confidentiality concerns it had. A true and correct copy of our written request and the subsequent correspondence is attached as **Exhibit A**.

4. Alternatively, Q&B requested that all the documents be produced as confidential until its intervention motion was decided. *See* Ex. A at 5.

5. Because all of this was happening on the Wednesday before the Thanksgiving holiday, Q&B's request was coupled with a similar request from WEC, which has also filed a motion for limited intervention. *See* Ex. A at 4.

6. Plaintiffs rejected Q&B's request, asserting that because Judge Crocker's order made no mention of Q&B's motion for limited intervention he had effectively denied it, and dismissed Q&B's concerns. Plaintiffs demanded that the PSC produce all of the documents immediately. *See* Ex. A at 3.

7. In light of Plaintiffs' position, and in a further attempt to minimize this Court's involvement, Q&B reviewed the documents the PSC was to produce and identified two text message threads that present specific confidentiality concerns from Q&B's perspective. True and correct copies of these threads are submitted under seal as **Exhibit B** and **Exhibit C**, respectively. Because they do not implicate Q&B's interests, Q&B takes no position on any other confidentiality designations applied by the PSC.

8. Q&B requested that these messages be marked Confidential pursuant to the Confidentiality Order agreed to by the parties and entered by the Court, and the PSC agreed to do so. The PSC then produced the documents to Plaintiffs.

9. Q&B followed up and asked Plaintiffs to inform Q&B if they intended to seek to de-designate the two text messages marked as Confidential. *See* Ex. A at 2. Plaintiffs responded to the request, but declined to say whether they intend to seek de-designation of the two text messages. (Plaintiffs did say they would notify Q&B if they filed such a motion.) *See* Ex. A at 1.

10. Q&B seeks confidential treatment for the messages in Exhibits B and C because they contain comments by two now-former Q&B attorneys evaluating other Q&B personnel. Public disclosure of this information would be embarrassing and potentially harmful to the people involved (one of whom remains at Q&B) and to Q&B.

11. In addition, one of the text messages reveals confidential business information about Q&B hiring plans. Again, public disclosure of this information could be harmful to Q&B, and no party to this litigation has the same interest as Q&B in protecting the confidentiality of this information.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 3, 2020.

*/s/ Donald Schott*
Donald Schott