UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DRIFTLESS AREA LAND CONSERVANCY and WISCONSIN WILDLIFE FEDERATION,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL HUEBSCH, REBECCA VALCQ, ELLEN NOWAK, and PUBLIC SERVICE COMMISSION OF WISCONSIN,<br><br>Defendants,<br><br>AMERICAN TRANSMISSION COMPANY LLC, BY ITS CORPORATE MANAGER, ATC MANAGEMENT, INC, DAIRYLAND POWER COOPERATIVE, AND ITC MIDWEST LLC,<br><br>Intervenor-Defendants, | No. 19-cv-1007 |

**INTERVENOR-DEFENDANTS AMERICAN TRANSMISSION COMPANY LLC, DAIRYLAND POWER COOPERATIVE, AND ITC MIDWEST LLC'S JOINT DOCKETING STATEMENT**

Pursuant to Seventh Cir. Rule 3(c)(1) and 28(a), American Transmission Company LLC, by its corporate manager ATC Management Inc. ("ATC"), Dairyland Power Cooperative ("Dairyland"), and ITC Midwest LLC ("ITC Midwest") (collectively, "Intervenor-Defendants") hereby file the docketing statement for their appeal in the above-captioned matter.

**JURISDICTION OF THE WESTERN DISTRICT COURT OF WISCONSIN**

In this action, the Plaintiffs asserted procedural due process and takings claims under the Fifth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, and requested declaratory and injunctive relief. The Intervenor-Defendants argued that the

1

district court lacked jurisdiction over Plaintiffs' action because the Plaintiffs do not have standing to assert their claims, those claims are not ripe, and the Defendants are immune from suit. The Defendants asserted that the district court lacked jurisdiction for the same reasons and also argued that the district court should abstain from exercising jurisdiction under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971) and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). However, the district court exercised jurisdiction over the Plaintiffs' action pursuant to 28 U.S.C. §§ 1331, 1337.

## JURISDICTION OF THE SEVENTH CIRCUIT COURT OF APPEALS

This appeal is taken from the Opinion and Order of the U.S. District Court for the Western District of Wisconsin entered on November 20, 2020 by the Honorable Judge William M. Conley (Dist. Ct. Dkt. 159) ("Order"), which denied in part the Defendants' and Intervenor-Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dist. Ct. Dkt. 6, 16). Following the Order, some of the Plaintiffs' claims remain pending before the district court, and the Plaintiffs, Defendants, and Intervenor-Defendants remain parties to that proceeding.

Nonetheless, the Order is immediately appealable because it conclusively determines an important issue, collateral to the merits of the action, that would be effectively unreviewable if an immediate appeal were not available: namely, the Defendants' immunity from suit under both the Eleventh Amendment to the United States Constitution and the doctrine of quasi-judicial immunity. The district court conclusively determined that the Plaintiffs' suit is not barred by either sovereign immunity or quasi-judicial immunity. (Order, at 6-15) These immunities are not just a defense to liability, but an immunity from the travails of a lawsuit altogether. *Herx v. Diocese of Fort Wayne-South Bend, Inc.*, 772 F.3d 1085, 1089 (7th Cir. 2014). If a court

erroneously denies an immunity defense, and the defendant must undergo trial before the error is corrected, then "'he has been irrevocably deprived of one of the benefits—freedom from having to undergo trial—that his immunity was intended to give him.'" *Id.* (quoting *McCarthy v. Fuller*, 714 F.3d 971, 975 (7th Cir. 2013); *see also Scott v. Lacy*, 811 F.2d 1153, 1153 (1987) ("[I]mmunity frees officials from the burden and emotional toil of trial as well as from the duty to pay money. The 'right not to be tried' is lost if not vindicated before trial.") It is for this reason that orders rejecting a claim of Eleventh Amendment immunity are among the "recognized categories of collaterally appealable orders." *Id.* (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45 (1993)); *McDonough Associates, Inc. v. Grunloh*, 772 F.3d 1043, 1048 (7th Cir. 2013). So are orders rejecting claims of quasi-judicial immunity. *Richman v. Sheahan*, 720 F.3d 430, 434 (2001) (exercising jurisdiction under collateral order doctrine over district court order denying claim of quasi-judicial immunity).

The district court's Order did both and is immediately appealable under the collateral order doctrine. Intervenor-Defendants filed their notice of appeal on December 4, 2020, concurrently with this docketing statement. If the Seventh Circuit reverses the Order and finds that the Defendants are immune from suit, Plaintiffs' action will be dismissed and the Intervenor-Defendants' permit to construct a new major power line in southwest Wisconsin (which is at issue in this case) will no longer be at risk of nullification. *See Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 745 n.1 (7th Cir. 2020). Therefore, the United States Court of Appeals for the Seventh Circuit has jurisdiction pursuant to 28 U.S.C. § 1291. *See Ott v. City of Milwaukee*, 682 F.3d 552, 554 (7th Cir. 2012) (collateral order review is not an exception to the final judgment rule in 28 U.S.C. § 1291, but rather, is based on a "practical construction" of that statute).

## OFFICIAL CAPACITY OF THE DEFENDANTS

In this action, Plaintiffs' assert claims against Rebecca Valcq, Michael Huebsch, and Ellen Nowak in their official capacity as commissioners of the Public Service Commission of Wisconsin ("Commission").[1] The Commission consists of three Commissioners, who the Governor nominates, and with the advice and consent of the Senate, appoints for six-year terms. *See* Wis. Stat. §§ 15.06(1)(c), 15.79. Although Rebecca Valcq and Ellen Nowak still occupy this office, Michael Huebsch retired in January 2020 and was replaced by Tyler Huebner.

## PRIOR OR RELATED APPELLATE PROCEEDINGS

Earlier in these proceedings, the district court denied the Intervenor-Defendants' motions to intervene pursuant to Fed. R. Civ. P. 24. (*See* Dist. Ct. Dkt. 49) The Intervenor-Defendants appealed that order, (Dist. Ct. Dkt. 51), which the Seventh Circuit Court of Appeals docketed as *Driftless Area Land Conservancy and Wisconsin Wildlife Federation v. Michael Huebsch, et al.*, Case No. 20-1350. That case was submitted on July 2, 2020, and decided on August 11, 2020, when the Seventh Circuit Court of Appeals issued a decision and final judgment reversing the district court's order and remanding with instructions to permit the Intervenor-Defendants to intervene. *See* 969 F.3d 742.

On December 1, 2020, the Defendants also appealed the district court's November 20, 2020 Opinion and Order denying in part the Defendants' and Intervenor-Defendants' motions to dismiss. That appeal has been docketed as *Driftless Area Land Conservancy, et al. v. Michael Huebsch, et al.*, Case No. 20-3325.

---

[1] The Order dismissed Ellen Nowak as a defendant to this lawsuit.

Dated: December 4, 2020

Respectfully submitted,

| **PERKINS COIE, LLP** | **FREDRIKSON & BYRON, P.A.** |
|---|---|

*/s/ Brian H. Potts*
Brian H. Potts (Wis. Bar No. 1060680)*
David R. Zoppo (Wis. Bar No. 1094283)
33 East Main Street, Suite 201
Madison, WI 53703-5118
Tel: (608) 663-7460
Fax: (608) 663-7499
Email:    bpotts@perkinscoie.com
            dzoppo@perkinscoie.com

*Attorneys for Appellants*
*American Transmission Company LLC and*
*ATC Management Inc.*

*/s/ Lisa M. Agrimonti*
Lisa M. Agrimonti (Wis. Bar No. 1032645)*
Haley L. Waller Pitts (Wis. Bar No. 1115291)
John P. Pavelko (MN Bar No. 0398495)
200 South 6th Street, Suite 4000
Minneapolis, MN 55402
Tel: (612) 492-7000
Fax: (612) 492-7077
Email:    lagrimonti@fredlaw.com
            hwallerpitts@fredlaw.com
            jpavelko@fredlaw.com

**TAFT STETTINIUS & HOLLISTER LLP**
Valerie T. Herring
(Wis. Bar No. 1076996)
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2157
Tel: (612) 977-8400
Fax: (612) 977-8650
Email:    vherring@taftlaw.com

*Attorneys for Appellant ITC Midwest LLC*

**WHEELER, VAN SICKLE & ANDERSON, S.C.**

*/s/ Justin W. Chasco*
Justin W. Chasco (Wis. Bar No. 1062709)*
44 East Mifflin Street, Suite 1000
Madison, WI 53703
Tel: (608) 255-7277
Fax: (608) 255-6006
Email:    jchasco@wheelerlaw.com

*Attorney for Intervenor-Defendant Dairyland Power Cooperative*

**\*Counsel of Record**

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing document were served today, this 4th day of December, 2020, through the Court's ECF system on all registered counsel.

/s/ *Brian H. Potts*
Brian H. Potts
bpotts@perkinscoie.com

*Attorney for American Transmission Company LLC and ATC Management Inc.*