IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DRIFTLESS AREA LAND CONSERVANCY
and WISCONSIN WILDLIFE FEDERATION,

      Plaintiffs,

v.                                                                          Case No.  19-cv-1007

MICHAEL HUEBSCH, REBECCA VALCQ,
and ELLEN NOWAK, Commissioners, and
PUBLIC SERVICE COMMISSION
OF WISCONSIN,

      Defendants.

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants Michael Huebsch and Rebecca Valcq, through their counsel, answer

Plaintiffs' Complaint as follows:

## <u>NATURE OF THE ACTION</u>

1.  As to the allegations set forth in paragraph 1 of the Complaint, Defendants affirmatively

    state that the allegation in the first sentence is the Plaintiffs' characterization of its

    purported action, to which no response is required.  Defendants deny the allegations

    contained in the second sentence of Paragraph 1.

2.  As to the allegations set forth in Paragraph 2 of the Complaint, Defendants affirmatively

    state that the allegations in the first sentence are legal contentions to which no response is

    required.  To the extent that a response to these allegations is required, Defendants deny

    the same.  Defendants deny the remaining allegations contained in Paragraph 2.

3.  As to the allegations set forth in Paragraph 3 of the Complaint, Defendants admit

    Plaintiffs filed a motion for recusal and disqualification of Commissioner Huebsch and

Chair Valcq after the Commission verbally made its preliminary determination in Docket Number 5-CE-146. That motion is the best evidence of its contents. Defendants deny all remaining allegations in Paragraph 3 and allegations that are inconsistent with that motion.

4. As to the allegations set forth in Paragraph 4 of the Complaint, Defendants affirmatively state that ATC and ITC Midwest are public utilities in Wisconsin, and Dairyland Power Cooperative is a generation and transmission cooperative association organized under Wis. Stat. ch. 185 for the purpose of producing or furnishing heat, light, power or water to its members only, and is not a public utility pursuant to Wis. Stat. § 196.01(5)(a). Defendants also affirmatively state that the administrative record compiled in Public Service Commission of Wisconsin ("Commission") Docket Number 5-CE-146 and the application filed in that docket for a Certificate of Public Convenience and Necessity ("CPCN") from the Commission, and the application for a Utility Permit from the Wisconsin Department of Natural Resources (together, the "Application") speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the Application and the Commission record.

5. As to the allegations set forth in Paragraph 5 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 5 are legal contentions to which no response is required.

6. As to the allegations set forth in Paragraph 6 of the Complaint, Defendants affirmatively state that the Commission granted the Application filed in Docket Number 5-CE-146 for a CPCN and that the Commission's Final Decision and the Commission record compiled in Docket Number 5-CE-146 speak for themselves and are the best evidence of their

contents.  Defendants deny any allegations in Paragraph 6 that are inconsistent with the Final Decision and the Commission record.

7. As to the allegations set forth in Paragraph 7 of the Complaint, Defendants affirmatively state that the allegations contain legal contentions to which no response is required. Defendants affirmatively state that the Commission conducted a Class 1 contested case hearing pursuant to Wis. Stat. §§ 196.491(3)(b), 227.01(3)(a), and 227.44, that the Commission record in that proceeding is the best evidence of its contents, and deny any allegations in Paragraph 7 that are inconsistent with the Commission record.

8. As to the allegations set forth in Paragraph 8 of the Complaint, Defendants admit the allegations in the first sentence of Paragraph 8.  Defendants affirmatively state that the Commission record in Docket Number 5-CE-146 is the best evidence of its contents, and deny any allegations in Paragraph 8 that are inconsistent with the Commission record.

9. As to the allegations set forth in Paragraph 9 of the Complaint, Defendants affirmatively state that the issue for the hearing was as follows: "Does the project comply with the applicable standards under Wis. Stat. §§ 1.11, 1.12, 196.025, 196.49, and 196.491, and Wis. Admin. Code chs. 4, and 111?"  Defendants also affirmatively state that the Commission record in Docket Number 5-CE-146 is the best evidence of its contents, and Defendants deny allegations in Paragraph 9 that are inconsistent with the Commission record.

10. As to the allegations set forth in Paragraph 10 of the Complaint, Defendants affirmatively state that the Commission record in Docket Number 5-CE-146 is the best evidence of its contents and deny any allegations in Paragraph 10 that are inconsistent with the Commission record.

11. As to the allegations set forth in Paragraph 11 of the Complaint, Defendants affirmatively state that the Commission record in Docket Number 5-CE-146 is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the Commission record.

12. As to the allegations set forth in Paragraph 12 of the Complaint, Defendants affirmatively state that the Commission record in Docket Number 5-CE-146 and the Commission's Final Decision in that proceeding speak for themselves and are the best evidence of their contents and deny any allegations that are inconsistent with the Commission record or the Final Decision.

13. As to the allegations set forth in Paragraph 13 of the Complaint, Defendants affirmatively state that the Commission record in Docket Number 5-CE-146 and the Commission's Final Decision in that proceeding speak for themselves and are the best evidence of their contents and deny any allegations that are inconsistent with the Commission record or the Final Decision.

14. As to the allegations set forth in Paragraph 14 of the Complaint, Defendants affirmatively state that the Commission record in Docket Number 5-CE-146 and the Commission's Final Decision in that proceeding speak for themselves and are the best evidence of their contents, and deny any allegations that are inconsistent with the Commission record or the Final Decision.

15. As to the allegations set forth in Paragraph 15 of the Complaint, Defendants affirmatively state that the allegations in the first sentence are legal contentions to which no response is required.  To the extent that a response to these allegations is required, Defendants deny the same.  Defendants deny the allegations in the second sentence of Paragraph 15.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. As to the allegations set forth in Paragraph 18 of the Complaint, Defendants admit Plaintiffs filed a motion for recusal and disqualifications of Commissioner Huebsch and Chair Valcq.  That motion itself is the best evidence of its contents.  Defendants deny all remaining allegations in Paragraph 18.

19. As to the allegations set forth in Paragraph 19 of the Complaint, Defendants affirmatively state that the Final Decision itself is the best evidence of its contents and deny all allegations that are inconsistent with the Final Decision and any remaining allegations in Paragraph 19.

20. As to the allegations set forth in Paragraph 20 of the Complaint, Defendants affirmatively state that the allegations are the Plaintiffs' characterization of their purported action to which no response is required.

**JURISDICTION AND VENUE**

21. As to the allegations set forth in Paragraph 21 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 21 are legal contentions to which no response is required.

22. As to the allegations set forth in Paragraph 22 of the Complaint, Defendants admit that the project will be located in the Western District of Wisconsin and that the Commission proceedings occurred in the Western District of Wisconsin.  The remaining allegations in Paragraph 22 are legal contentions to which no response is required.

23. As to the allegations set forth in Paragraph 23 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 23 are legal contentions to which no response is required.  To the extent a response is required, Defendants deny the same.

## PARTIES

### Plaintiff Driftless Area Land Conservancy

24. Defendants lack sufficient information to confirm or deny the allegations in Paragraph 24 of the Complaint and therefore deny the same.

25. Defendants lack sufficient information to confirm or deny the allegations in Paragraph 25 of the Complaint and therefore deny the same.

26. Defendants lack sufficient information to confirm or deny the allegations in Paragraph 26 of the Complaint and therefore deny the same.

27. Defendants lack sufficient information to confirm or deny the allegations in Paragraph 27 of the Complaint and therefore deny the same.

28. Defendants lack sufficient information to confirm or deny the allegations in Paragraph 28 of the Complaint and therefore deny the same.

29. As to the allegations set forth in Paragraph 29 of the Complaint, Defendants affirmatively state that the Driftless Area Land Conservancy ("DALC") filed a Request to Intervene and Attorney's Notice of Appearances on April 27, 2018, in Docket Number 5-CE-146, that described DALC's interests in Docket Number 5-CE-146 and that the Request to Intervene and the Commission record in Docket Number 5-CE-146 are the best evidence of their contents and DALC's interests in Docket Number 5-CE-146.  Defendants deny any allegations inconsistent with the Request to Intervene or the Commission record.

Defendants lack sufficient information to confirm or deny the remaining allegations in Paragraph 29, and therefore deny the same.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. As to the allegations set forth in Paragraph 31 of the Complaint, Defendants affirmatively state that the location of the Project is described in the Commission's Final Decision and the Commission's record in Docket Number 5-CE-146 and that the Final Decision and record are the best evidence of their contents.  Defendants deny all remaining allegations in Paragraph 31 that are inconsistent with the Final Decision or the record.

32. Defendants lack sufficient information to confirm or deny the allegations in Paragraph 32 of the Complaint and therefore deny the same.

33. As to the allegations set forth in Paragraph 33 of the Complaint, Defendants lack sufficient information to confirm or deny the allegations in the first four sentences of Paragraph 33 and therefore deny the same.  Defendants affirmatively state that the location of the Project is described in the Commission's Final Decision and the Commission's record in Docket Number 5-CE-146 and that the Final Decision and record are the best evidence of their contents.  Defendants deny all remaining allegations in Paragraph 33 that are inconsistent with the Final Decision or the record.

34. As to the allegations set forth in Paragraph 34 of the Complaint, Defendants lack sufficient information to confirm or deny the allegations in the first three sentences of Paragraph 34 and therefore deny the same.  Defendants affirmatively state that the location of the Project is described in the Commission's Final Decision and the Commission's record in Docket Number 5-CE-146 and that the Final Decision and record

speak for themselves and are the best evidence of their contents.  Defendants deny all remaining allegations in Paragraph 34 that deviate from the Final Decision or the record.

35. As to the allegations set forth in Paragraph 35 of the Complaint, Defendants lack sufficient information to confirm or deny the allegations in the first two sentences of Paragraph 35, and therefore deny the same.  Defendants affirmatively state that the location of the Project is described in the Commission's Final Decision and the Commission's record in Docket Number 5-CE-146 and that the Final Decision and record speak for themselves and are the best evidence of their contents.  Defendants deny all remaining allegations in Paragraph 35 that deviate from the Final Decision or the record.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants admit the allegations in Paragraph 37 of the Complaint.

## **Plaintiff Wisconsin Wildlife Federation**

38. Defendants lack sufficient information to confirm or deny the allegations in Paragraph 38 of the Complaint and therefore deny the same.

39. Defendants lack sufficient information to confirm or deny the allegations in Paragraph 39 of the Complaint and therefore deny the same.

40. Defendants lack sufficient information to confirm or deny the allegations in Paragraph 40 of the Complaint and therefore deny the same.

41. Defendants lack sufficient information to confirm or deny the allegations in Paragraph 41 of the Complaint and therefore deny the same.

42. As to the allegations set forth in Paragraph 42 of the Complaint, Defendants lack sufficient information to confirm or deny the allegations in the first four sentences of Paragraph 42, and therefore deny the same.  Defendants affirmatively state that the

location of the Project is described in the Commission's Final Decision and the Commission's record in Docket Number 5-CE-146 and that the Final Decision and record speak for themselves and are the best evidence of their contents.  Defendants deny all remaining allegations in Paragraph 42 that deviate from the Final Decision or the record.

43. As to the allegations set forth in Paragraph 43 of the Complaint, Defendants lack sufficient information to confirm or deny the allegations in the first three sentences of Paragraph 43, and therefore deny the same.  Defendants affirmatively state that the location of the Project is described in the Commission's Final Decision and the Commission's record in Docket Number 5-CE-146 and that the Final Decision and record speak for themselves and are the best evidence of their contents.  Defendants deny all remaining allegations in Paragraph 43 that deviate from the Final Decision or the record.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants admit the allegations in Paragraph 45 of the Complaint.

## **Defendant Public Service Commission of Wisconsin**

46. Defendants admit the allegations of Paragraph 46 of the Complaint.

47. As to the allegations set forth in Paragraph 47 of the Complaint, Defendants affirmatively state that the Commission is composed of three full-time Commissioners, one of which is appointed Chair for a two-year term and deny all inconsistent allegations in Paragraph 47.

48. Defendants admit the allegations in Paragraph 48.

49. As to the allegations set forth in Paragraph 49 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 49 are legal contentions to which no response is required.

50. As to the allegations set forth in Paragraph 50 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 50 are legal contentions to which no response is required.  To the extent that a response to these allegations is required, Defendants affirmatively state that the Commission conducted a Class 1 contested case hearing pursuant to Wis. Stat. §§ 196.491(3)(b), 227.01(3)(a), and 227.44, and deny any allegations inconsistent with those statutes.

51. As to the allegations set forth in Paragraph 51 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 51 are legal contentions to which no response is required.  To the extent that a response to these allegations is required, Defendants affirmatively state that the Wisconsin statutes speak for themselves and are the best evidence of their contents, and Defendants deny any allegations that deviate from the statutes.

52. Defendants admit the allegations contained in Paragraph 52 of the Complaint.

53. As to the allegations set forth in Paragraph 53 of the Complaint, Defendants affirmatively state that the record in Commission Docket Number 5-CE-146 is the best evidence of its content and deny any allegations in Paragraph 53 that are inconsistent with the record.

54. Defendants admit the allegations in Paragraph 54 of the Complaint.

**Defendant PSC Chair Rebecca Valcq**

55. Defendants admit the allegations in Paragraph 55 of the Complaint.

56. As to the allegations set forth in Paragraph 56 of the Complaint, Defendants affirmatively state that Chair Valcq graduated from law school in 2000.  Defendants otherwise admit the allegations in Paragraph 56 of the Complaint.

57. Defendants admit the allegations in Paragraph 57 of the Complaint.

58. Defendants admit the allegations in Paragraph 58 of the Complaint.

59. As to the allegations set forth in Paragraph 59 of the Complaint, Defendants admit the allegations in Paragraph 59 and affirmatively allege Wisconsin Electric Power Company's (d/b/a/ We Energies) activities are not limited to the allegations in Paragraph 59.

60. Defendants admit the allegations in Paragraph 60 of the Complaint.

61. Defendants admit the allegations in Paragraph 61 of the Complaint.

62. As to the allegations set forth in Paragraph 62 of the Complaint, Defendants affirmatively state that American Transmission LLC, by its corporate manager, ATC Management Inc., ITC Midwest Inc., and Dairyland Power Cooperative jointly filed the Application to the Commission.  Defendants deny all remaining allegations contained in Paragraph 62.

63. Defendants admit the allegations in Paragraph 63 of the Complaint.

64. As to the allegations set forth in Paragraph 64 of the Complaint, Defendants affirmatively state that Quarles & Brady has represented Wisconsin Electric Power Company and that Chair Valcq represented We Energies on certain specific matters while employed at Quarles & Brady.  Defendants lack sufficient information to confirm or deny any remaining allegations in Paragraph 64 of the Complaint and therefore deny the same.

65. Defendants admit the allegations in Paragraph 65 of the Complaint.

66. Defendants admit the allegations in Paragraph 66 of the Complaint.

67. As to the allegations set forth in Paragraph 67 of the Complaint, Defendants affirmatively state Chair Valcq acknowledged and agreed to a recusal policy for her appointment to the Commission and that Chair Valcq's recusal policy itself is the best evidence of its

contents.  Defendants deny any allegations in Paragraph 67 that are inconsistent with Chair Valcq's recusal policy.

68. As to the allegations set forth in Paragraph 68 of the Complaint, Defendants affirmatively state that Chair Valcq's recusal policy itself is the best evidence of its contents. Defendants deny any allegations in Paragraph 68 that are inconsistent with Chair Valcq's recusal policy.

69. As to the allegations set forth in Paragraph 69 of the Complaint, Defendants affirmatively state that Chair Valcq's recusal policy itself is the best evidence of its contents. Defendants deny any allegations in Paragraph 69 that are inconsistent with Chair Valcq's recusal policy.

70. As to the allegations set forth in Paragraph 70 of the Complaint, Defendants affirmatively state that Chair Valcq's recusal policy itself is the best evidence of its contents. Defendants deny any allegations in Paragraph 70 that are inconsistent with Chair Valcq's recusal policy.

71. As to the allegations set forth in Paragraph 71 of the Complaint, Defendants affirmatively states that Chair Valcq's recusal policy itself is the best evidence of its contents. Defendants deny any allegations in Paragraph 71 that are inconsistent with Chair Valcq's recusal policy.

72. As to the allegations set forth in Paragraph 72 of the Complaint, Defendants affirmatively state that the Cardinal-Hickory Creek project will connect the 345 kV electric transmission systems in southwest and southcentral Wisconsin and Iowa.  Defendants deny all remaining allegations in Paragraph 72.

73. As to the allegations set forth in Paragraph 73 of the Complaint, Defendants admit that MISO, with the approval of the Federal Energy Regulatory Commission and the Seventh Circuit Court of Appeals' decision in *Illinois Commerce Comm'n v. Fed. Energy Regulatory Comm'n,* 721 F.3d 764 (7th Cir. 2013), developed a portfolio of transmission line projects called the Multi-Value Portfolio ("MVP") of which the Project in Docket Number 5-CE-146 was a part.  Defendants admit that MISO began studying the portfolio in or around 2003, a Regional Generation Outlet Study was undertaken in or around 2008, and the final MVP portfolio was approved in 2011.  Defendants deny all remaining allegations in Paragraph 73.

74. As to the allegations set forth in Paragraph 74 of the Complaint, Defendants affirmatively state that Chair Valcq did not have any involvement in work related to the MVP transmission projects while employed at We Energies or Quarles & Brady.  Defendants lack sufficient information to confirm or deny the remaining allegations in the first sentence of Paragraph 74 and therefore deny the same.  Defendants affirmatively state that the MISO Multi-Value Project Portfolio – Results and Analysis (January 10, 2012) report itself is the best evidence of its contents and deny any allegations in the second sentence of Paragraph 74 that are inconsistent with that report.

75. As to the allegations set forth in Paragraph 75 of the Complaint, Defendants affirmatively state that Chair Valcq was a Commissioner at the time the Final Decision was made. Defendants deny any remaining allegations in Paragraph 75.

76. As to the allegations set forth in Paragraph 76 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 76 are legal contentions to which no response is

required.  To the extent that a response to these allegations in required, Defendants deny the same.

77. As to the allegations set forth in Paragraph 77 of the Complaint, Defendants affirmatively state that the Commission's Final Decision itself is the best evidence of its contents. Defendants deny all allegations in Paragraph 77 that are inconsistent with the Final Decision.

### Defendant PSC Commissioner Ellen Nowak

78. As to the allegations set forth in Paragraph 78 of the Complaint, Defendants affirmatively state that Commissioner Nowak was a Commissioner for the PSC from July 2011 to March 2018, and from January 2019 to the present.  Defendants deny any remaining allegations in Paragraph 78.

79. As to the allegations set forth in Paragraph 79 of the Complaint, Defendants affirmatively state that the Commission's Final Decision itself is the best evidence of its contents and deny all allegations in Paragraph 79 that are inconsistent with the Final Decision.

### Defendant PSC Commissioner Michael Huebsch

80. As to the allegations set forth in Paragraph 80 of the Complaint, Defendants admit that Commissioner Huebsch was a Commissioner for the PSC from March 2015 until February 2, 2020.

81. As to the allegations set forth in Paragraph 81 of the Complaint, Defendants admit that Commissioner Huebsch became a member of the MISO Advisory Committee in January 2019.  Defendants deny all remaining allegations in Paragraph 81..

82. As to the allegations set forth in Paragraph 82 of the Complaint, Defendants affirmatively state that the Federal Energy Regulatory Commission (FERC) has approved MISO as a

regional transmission organization pursuant to 18 C.F.R. §§ 35.34(j), (k)(1)(i),  and that MISO performs such functions as provided under federal law across fifteen states, including Wisconsin, and one Canadian province.  Defendants deny all remaining allegations in Paragraph 82.

83. Defendants affirmatively state that MISO is a FERC-approved regional transmission organization pursuant to 18 C.F.R. §§ 35.34(j), (k)(1)(i).  Defendants lack sufficient information about Plaintiffs' intended definition of the term "governmental agency" sufficient to form a belief as to the remaining allegations in Paragraph 83 of the Complaint and therefore deny the same.

84. As to the allegations in Paragraph 84 of the Complaint, Defendants affirmatively state that MISO is a FERC–approved regional transmission organization pursuant to 18 C.F.R. §§ 35.34(j), (k)(1)(i) .  Defendants deny the remaining allegations in Paragraph 84.

85. As to the allegations set forth in Paragraph 85 of the Complaint, Defendants affirmatively state that the MISO Advisory Committee Charter itself is the best evidence of its contents.  Defendants deny any allegations in Paragraph 85 that are inconsistent with the MISO Advisory Committee Charter.

86. As to the allegations set forth in Paragraph 86 of the Complaint, Defendants affirmatively state that the MISO Advisory Committee Charter itself is the best evidence of its contents.  Defendants deny any allegations in Paragraph 86 that are inconsistent with the MISO Advisory Committee Charter.

87. As to the allegations set forth in Paragraph 87 of the Complaint, Defendants affirmatively state that the MISO Advisory Committee's mission statement itself is the best evidence

of its contents.  Defendants deny any allegations in Paragraph 87 that are inconsistent with the MISO Advisory Committee's mission statement.

88. Defendants admit the allegations contained in Paragraph 88 of the Complaint.

89. As to the allegations set forth in Paragraph 89 of the Complaint, Defendants admit that the MISO Advisory Committee meets several times each year.  Defendants deny the remaining allegations in Paragraph 89.

90. Defendants admit the allegations contained in Paragraph 90 of the Complaint, and affirmatively state that the meetings and conversations did not constitute prohibited or improper *ex parte* communication.

91. As to the allegations set forth in Paragraph 91 of the Complaint, absent specific information regarding particular meetings and communications, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 91 and therefore deny the same.

92. As to the allegations set forth in Paragraph 92 of the Complaint, Defendants affirmatively state that MISO, with the approval of the Federal Energy Regulatory Commission and the Seventh Circuit Court of Appeals' decision in *Illinois Commerce Comm'n v. Fed. Energy Regulatory Comm'n,* 721 F.3d 764 (7th Cir. 2013), designated the project as an MVP in 2011 and deny any remaining allegations in Paragraph 92.

93. As to the allegations set forth in Paragraph 93 of the Complaint, Defendants lack sufficient information to confirm or deny the allegations in Paragraph 93 and therefore deny the same.

94. As to the allegations set forth in Paragraph 94 of the Complaint, Defendants affirmatively state that the common interest agreement itself is the best evidence of its contents.

Defendants deny all allegations contained in Paragraph 94 that are inconsistent with the text of that agreement.

95. As to the allegations set forth in Paragraph 95 of the Complaint, Defendants admit that MISO intervened in Docket Number 5-CE-146.  Defendants affirmatively state that the record in that proceeding is the best evidence of its contents.  Defendants deny any allegations in Paragraph 95 that are inconsistent with the record.

96. As to the allegations set forth in Paragraph 96 of the Complaint, Defendants affirmatively state that Commissioner Huebsch had contact with representatives of MISO during the pendency of Docket Number 5-CE-146 as required by his duties as a representative of the Public Service Commission of Wisconsin.  Defendants further affirmatively state that the contact did not constitute prohibited or improper *ex parte* communication.  Defendants deny all remaining allegations in Paragraph 96.

97. As to the allegations set forth in Paragraph 97 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 97 are legal contentions to which no response is required.  To the extent that a response to these allegations is required, Defendants deny the same.

98. As to the allegations set forth in Paragraph 98 of the Complaint, Defendants affirmatively state that the documents referenced in Paragraph 98 are the best evidence of their contents.  Defendants deny any allegations in Paragraph 98 that are inconsistent with the contents of those documents.

99. As to the allegations set forth in Paragraph 99 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 99 are legal contentions to which no response is

required.  To the extent that a response to these allegations is required, Defendants deny the same.

100.     As to the allegations set forth in Paragraph 100 of the Complaint, Defendants affirmatively state that the documents referenced in Paragraph 100 are the best evidence of their contents.  Defendants deny any allegations in Paragraph 100 that are inconsistent with the content of those documents.

101.     As to the allegations in Paragraph 101 of the Complaint, Defendants lack sufficient information to confirm or deny the allegations in Paragraph 101 and therefore deny the same.

102.     As to the allegations in Paragraph 102 of the Complaint, Defendants lack sufficient information to confirm or deny the allegations in Paragraph 102 and therefore deny the same.

103.     As to the allegations in Paragraph 103 of the Complaint, Defendants lack sufficient information to confirm or deny the allegations in Paragraph 103 and therefore deny the same.

104.     As to the allegations in Paragraph 104 of the Complaint, Defendants lack sufficient information to confirm or deny the allegations in Paragraph 104 and therefore deny the same.

105.     Defendants admit the allegations in Paragraph 105 of the Complaint insofar as they were true at the time of the Complaint.  Defendants deny any remaining allegations in Paragraph 105.

106.     Defendants admit the allegations in Paragraph 106 of the Complaint insofar as they were true at the time of the Complaint.  Defendants deny any remaining allegations in Paragraph 106.

107.     As to the allegations set forth in Paragraph 107 of the Complaint, Defendants affirmatively state that the OMS Mission Statement itself is the best evidence of its content and deny any allegations in Paragraph 107 that are inconsistent with the OMS Mission Statement.

108.     As to the allegations set forth in Paragraph 108 of the Complaint, Defendants affirmatively state that MISO provides funding to OMS as ordered by the Federal Energy Regulatory Commission.  Defendants lack information sufficient to confirm or deny the remaining allegations in Paragraph 108 and therefore deny the same.

109.     As to the allegations set forth in Paragraph 109 of the Complaint, Defendants affirmatively state that Commissioner Huebsch, through his former position at OMS, had communications with representatives of MISO and other organizations that have participated as parties in contested cases before the PSC.  Defendants deny any remaining allegations in Paragraph 109 of the Complaint.

110.     Defendants admit that Commissioner Huebsch was a PSC Commissioner at the time of the Final Decision in Docket Number 5-CE-146.  Defendants deny any remaining allegations in Paragraph 110 of the Complaint.

111.     As to the allegations set forth in Paragraph 111 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 111 are legal contentions to which no response is required.  To the extent that a response to these allegations is required, Defendants deny the same.

112.     As to the allegations set forth in Paragraph 112 of the Complaint, Defendants affirmatively state that on August 1, 2019, Commissioner Huebsch filed a memorandum in Docket 5-CE-146 detailing an *ex parte* communication he received from Michigan Public Service Commissioner Sally Talberg.  PSC REF#: 373368.  Defendants deny that Commissioner Huebsch had any prohibited or improper *ex parte* communications with parties in Docket Number 5-CE-146 before the PSC.  Defendants deny any remaining allegations in Paragraph 112 of the Complaint.

113.     As to the allegations in Paragraph 113 of the Complaint, Defendants affirmatively sate that the PSCW's Final Decision is the best evidence of its contents.  Defendants deny any allegations in Paragraph 113 that are inconsistent with the Final Decision.

114.     As to the allegations in Paragraph 114 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 114 are Plaintiffs' characterizations of that purported action to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 114.

## STATEMENT OF THE CASE AND FACTUAL BACKGROUND

115.     As to the allegations in Paragraph 115 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 115 are the Plaintiffs' characterizations of their purported action to which no response is required.  To the extent that a response to these allegations is required, Defendants deny the same.

116.     As to the allegations set forth in Paragraph 116 of the Complaint, Defendants affirmatively state, on information and belief, that the routing information contained in the Final Decision, the Application, and the record in PSCW Docket Number 5-CE-146 contain the best description of the Project route at the time of the Complaint and deny all

allegations in Paragraph 116 that are inconsistent with the Final Decision, the Application, and the record.

117.    As to the allegations set forth in Paragraph 117 of the Complaint, Defendants affirmatively state that the routing information contained in the Final Decision, the Application, and the record in PSCW Docket Number 5-CE-146 contains the best description of the Project route at the time of the Complaint and deny all allegations in Paragraph 117 that are inconsistent with the Final Decision, the Application, and the record.

118.    As to the allegations set forth in Paragraph 118 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 118 are legal contentions to which no response is required.  To the extent that a response to these allegations is required, Defendants deny the same.

119.    As to the allegations set forth in Paragraph 119 of the Complaint, Defendants affirmatively state that on April 20, 2018, the applicants filed the Application with the Commission.  Defendants affirmatively state that the Application itself is the best evidence of its contents, and Defendants deny any allegations in the first sentence of Paragraph 119 that are inconsistent with the Application.  Defendants admit the allegations in the second sentence of Paragraph 119.

120.    As to the allegations set forth in Paragraph 120 of the Complaint, Defendants lack sufficient information to confirm or deny the allegations in Paragraph 120 and therefore deny the same.

121.    Defendants admit the allegations in Paragraph 121 of the Complaint.

122.    Defendants admit the allegations in Paragraph 122 of the Complaint.

123.     As to the allegations set forth in Paragraph 123 of the Complaint, Defendants admit that on November 14, 2018, MISO filed a motion to intervene in Docket Number 5-CE-146.  Defendants affirmatively state that MISO's motion itself is the best evidence of its contents and deny any allegations in Paragraph 123 inconsistent with MISO's motion to intervene.

124.     As to the allegations set forth in Paragraph 124 of the Complaint, Defendants affirmatively state that the common interest agreement itself is the best evidence of what it contains, and deny all allegations contained in Paragraph 124 that deviate from the text of that agreement.

125.     Defendants admit the allegations in Paragraph 125 of the Complaint.

126.     As to the allegations set forth in Paragraph 126 of the Complaint, Defendants affirmatively state that a large number of parties participated in Docket Number 5-CE-146 both in support of the project and in opposition to the project.  Defendants also affirmatively state that the Commission record in Docket Number 5-CE-146 and the Commission's Final Decision in that proceeding speak for themselves and are the best evidence of their contents, and Defendants deny any allegations in Paragraph 126 that are inconsistent with the record or the Final Decision.

127.     As to the allegations set forth in Paragraph 127 of the Complaint, Defendants affirmatively state that the public comments in the record speak for the themselves and are the best evidence of their contents and deny any allegations in Paragraph 127 that are inconsistent with those public comments.

128.     As to the allegations in Paragraph 128 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 128 are legal contentions to which no response is

required.  To the extent that a response to these allegations is required, Defendants deny the same.

129.     Defendants admit the allegations contained in Paragraph 129 of the Complaint.

130.     As to the allegations set forth in Paragraph 130 of the Complaint, Defendants affirmatively state that the Commission held a party hearing session from June 17 through June 21, 2019.  Defendants affirmatively state that the record in Docket Number 5-CE-146 itself is the best evidence of its contents.  Defendants deny any allegations in Paragraph 130 that are inconsistent with the record.

131.     As to the allegations set forth in Paragraph 131 of the Complaint, Defendants affirmatively state that the Commission conducted a Class 1 contested case hearing pursuant to Wis. Stat. §§ 196.491(3)(b), 227.01(3)(a), and 227.44, that the record in that proceeding speaks for itself, and deny any allegations in Paragraph 131 that are inconsistent with the record.

132.     As to the allegations set forth in Paragraph 132 of the Complaint, Defendants affirmatively state that the Commission record in Docket 5-CE-146 itself is the best evidence of its contents and deny any allegations in Paragraph 132 that are inconsistent with the record.

133.     As to the allegations set forth in Paragraph 133 of the Complaint, Defendants affirmatively state that the Commission record in Docket 5-CE-146 itself is the best evidence of its contents, and Defendants deny any allegations in Paragraph 133 that are inconsistent with the record.

134.     As to the allegations set forth in Paragraph 134 of the Complaint, Defendants affirmatively state that the Commission record in Docket Number 5-CE-146 itself is the

best evidence of its contents, and Defendants deny any allegations in Paragraph 134 that
are inconsistent with the record.

135.     As to the allegations set forth in Paragraph 135 of the Complaint, Defendants
affirmatively state that the Commission record in Docket Number 5-CE-146 itself is the
best evidence of its contents, and Defendants deny any allegations in Paragraph 135 that
are inconsistent with the record.

136.     As to the allegations set forth in Paragraph 136 of the Complaint, Defendants
affirmatively state that the Commission record in Docket Number 5-CE-146 itself is the
best evidence of its contents, and Defendants deny any allegations in Paragraph 136 that
are inconsistent with the record.

137.     As to the allegations set forth in Paragraph 137 of the Complaint, Defendants
affirmatively state that the Commission record in Docket Number 5-CE-146 itself is the
best evidence of its contents, and Defendants deny any allegations in Paragraph 137 that
are inconsistent with the record.

138.     As to the allegations set forth in Paragraph 138 of the Complaint, Defendants
affirmatively state that the Commission records in Docket Number 5-CE-146 itself is the
best evidence of its contents, and Defendants deny any allegations in Paragraph 138 that
are inconsistent with the record.

139.     As to the allegations set forth in Paragraph 139 of the Complaint, Defendants
admit that the Administrative Law Judge's role was to, among other things, manage the
proceedings and that the Commission's decision was based on the record compiled in
Docket Number 5-CE-146.  As to the remaining allegations in Paragraph 139, Defendants
affirmatively state that the Commission record in Docket Number 5-CE-146 itself is the

best evidence of its contents, and Defendants deny any allegations in Paragraph 139 that are inconsistent with the record.

140.     As to the allegations set forth in Paragraph 140 of the Complaint, Defendants admit the Commission held public hearings in Docket Number 5-CE-146 on June 25, 26, and 27, 2019.

141.     As to the allegations set forth in Paragraph 141 of the Complaint, Defendants affirmatively state that the Commission record in Docket 5-CE-146 itself is the best evidence of its contents, and Defendants deny any allegations in Paragraph 141 that are inconsistent with the record.

### The PSC's August 20, 2019 Open Meeting

142.     As to the allegations set forth in Paragraph 142 of the Complaint, Defendants admit that the Commission held an open meeting on August 20, 2019, to discuss the record in Docket Number 5-CE-146 and verbally approved the project at that time. Defendants deny all remaining allegations contained in Paragraph 142.

143.     As to the allegations set forth in Paragraph 143 of the Complaint, Defendants affirmatively state that the PSCW Open Meeting Transcript itself is the best evidence of its contents, and Defendants deny all allegations contained in Paragraph 143 that are inconsistent with the Open Meeting Transcript.

144.     As to the allegations set forth in Paragraph 144 of the Complaint, Defendants affirmatively state that the PSCW Open Meeting Transcript itself is the best evidence of its contents, and Defendants deny all allegations contained in Paragraph 144 that are inconsistent with the Open Meeting Transcript.

145.     Defendants admit the allegations in Paragraph 145 of the Complaint.

**Plaintiffs' Motion to Recuse and Disqualify Chair Valcq and Commissioner Huebsch**

146.    As to the allegations set forth in Paragraph 146 of the Complaint, Defendants admit Plaintiffs filed a motion for recusal and disqualification of Commissioner Huebsch and Chair Valcq, and affirmatively state that the motion is the best evidence of its contents. Defendants deny all remaining allegations in Paragraph 146.

147.    As to the allegations set forth in Paragraph 147 of the Complaint, Defendants admit Plaintiffs filed a motion for recusal and disqualification of Commissioner Huebsch and Chair Valcq. That motion is the best evidence of its contents. Defendants deny all remaining allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148 of the Complaint.

149.    As to the allegations set forth in Paragraph 149 of the Complaint, Defendants affirmatively state the allegations in Paragraph 149 are legal contentions to which no response is required. To the extent that a response to the allegations in Paragraph 149 is required, Defendants deny the same.

<b>The Reasons Supporting Recusal of Chair Valcq</b>

150.    Defendants deny the allegations in Paragraph 150 of the Complaint.

<b>The Reasons Supporting Recusal of Commissioner Huebsch</b>

151.    As to the allegations set forth in Paragraph 151 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 151 are legal contentions to which no response is required. To the extent that a response to these allegations is required, Defendants deny the same..

152.    As to the allegations set forth in Paragraph 152 of the Complaint, absent specific information regarding particular proceedings and meetings, Defendants lack sufficient

information to confirm or deny the allegations in Paragraph 152, and therefore deny the same.

153.     As to the allegations set forth in Paragraph 153 of the Complaint, Defendants affirmatively state that Commissioner Huebsch, in his role as a PSC representative, had communications with representatives of MISO during the pendency of Docket Number 5-CE-146.  Defendants deny all remaining allegations in Paragraph 153.

154.     As to the allegations set forth in Paragraph 154 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 154 are legal contentions to which no response is required.

155.     As to the allegations set forth in Paragraph 155 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 155 are legal contentions to which no response is required.

156.     As to the allegations set forth in Paragraph 156 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 156 are legal contentions to which no response is required.  To the extent that a response to these allegations is required, Defendants deny the same.

157.     As to the allegations set forth in Paragraph 157 of the Complaint, Defendants affirmatively state that Commissioner Huebsch was a member of the MISO Advisory Committee during the pendency of Docket Number 5-CE-146.  Defendants deny all remaining allegations in Paragraph 157.

158.     Defendants deny the allegations in Paragraph 158 of the Complaint.

159.     Defendants deny the allegations in Paragraph 159 of the Complaint.

160.     Defendants deny the allegations in Paragraph 160 of the Complaint.

**The Duty to Recuse in Adjudicatory Cases**

161.    As to the allegations set forth in Paragraph 161 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 161 are legal contentions to which no response is required.  To the extent a response to the allegations contained in Paragraph 161 is required, Defendants deny the same.

162.    As to the allegations set forth in Paragraph 162 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 162 are legal contentions to which no response is required.  To the extent a response to the allegations contained in Paragraph 162 is required, Defendants deny the same.

163.    As to the allegations set forth in Paragraph 163 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 163 are legal contentions to which no response is required, and affirmatively state that Wisconsin's Judicial Code itself is the best evidence of its contents.  Defendants deny all remaining allegations in Paragraph 163.

164.    As to the allegations set forth in Paragraph 164 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 164 are legal contentions to which no response is required.  To the extent that a response to these allegations is required, Defendants deny the same.

165.    As to the allegations set forth in Paragraph 165 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 165 are legal contentions to which no response is required.  To the extent that a response to these allegations is required, Defendants deny the same.

166.     As to the allegations set forth in Paragraph 166 of the Complaint, Defendants

affirmatively state that the allegations in Paragraph 166 are legal contentions to which no

response is required.  To the extent that a response to these allegations is required,

Defendants deny the same.

167.     As to the allegations set forth in Paragraph 167 of the Complaint, Defendants

affirmatively state that the allegations in Paragraph 167 are legal contentions to which no

response is required.  To the extent a response to these allegations is required, Defendants

deny the same.

**The PSC's Final Decision**

168.     Defendants admit the allegations in Paragraph 168 of the Complaint.

169.     As to the allegations set forth in Paragraph 169 of the Complaint, Defendants

affirmatively state that the PSCW's Final Decision itself is the best evidence of its

contents, and Defendants deny all allegations in Paragraph 169 that are inconsistent with

the Final Decision.

170.     As to the allegations set forth in Paragraph 170 of the Complaint, Defendants

affirmatively state that the PSCW's Final Decision itself is the best evidence of its

contents, and Defendants deny all allegations in Paragraph 170 that are inconsistent with

the Final Decision.

171.     Defendants admit the allegations in Paragraph 171.

172.     As to the allegations set forth in Paragraph 172 of the Complaint, Defendants state

that the transcript of the September 26, 2019 Open Meeting is the best evidence of what

was said during that Open Meeting and deny all allegations in Paragraph 172 that are

inconsistent with the transcript.

173.     Defendants admit the allegations in Paragraph 173 of the Complaint.

174.     As to the allegations set forth in Paragraph 174 of the Complaint, Defendants lack

information sufficient to confirm or deny the Plaintiffs' intentions and therefore deny the

same.  Defendants admit that DALC filed a petition for judicial review in Iowa County

Circuit Court challenging the Final Decision on December 13, 2019, and that WWF filed

a petition for judicial review in Columbia County Circuit Court challenging the Final

Decision on December 13, 2019.  Defendants lack information sufficient to confirm or

deny the remaining allegations in Paragraph 174 and therefore deny the same.

175.     Defendants admit the allegations in Paragraph 175 of the Complaint.

## COUNTY ONE – PROCEDURAL DUE PROCESS

176.     Defendants incorporate by reference the answers to Paragraphs 1 through 175 as

fully set forth herein.

177.     Defendants admit the allegations in Paragraph 177 of the Complaint.

178.     As to the allegations set forth in Paragraph 178 of the Complaint, Defendants

affirmatively state that the allegations in Paragraph 178 are legal contentions to which no

response is required.  To the extent that a response to these allegations is required,

Defendants deny the same.

179.     Defendants deny the allegations in Paragraph 179 of the Complaint.

180.     As to the allegations set forth in Paragraph 180 of the Complaint, Defendant

affirmatively state that the allegations in Paragraph 180 are legal contentions to which no

response is required.  To the extent a response to these allegations is required, Defendants

deny the same.

181.     Defendants deny the allegations in Paragraph 181 of the Complaint.

182.     Defendants deny the allegations in Paragraph 182 of the Complaint.

183.     Defendants deny the allegations in Paragraph 183 of the Complaint.

184.     Defendants deny the allegations in Paragraph 184 of the Complaint.

185.     As to the allegations set forth in Paragraph 185 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 185 are legal contentions to which no response is required.  To the extent that a response to these allegations is required, Defendants deny the same.

186.     Defendants deny the allegations in Paragraph 186 of the Complaint.

## COUNT TWO – DUE PROCESS AND EMINENT DOMAIN

187.     Defendants incorporate by reference the answers to Paragraphs 1 through 186 as fully set forth herein.

188.     Defendants admit the allegations in Paragraph 188 of the Complaint.

189.     As to the allegations set forth in Paragraph 189 of the Complaint, Defendants affirmatively state that the allegations in Paragraph 189 are legal contentions to which no response is required.  To the extent that a response to these allegations is required, Defendants deny the same.

190.     Defendants deny the allegations in Paragraph 190 of the Complaint.

191.     Defendants deny the allegations in Paragraph 191 of the Complaint.

192.     Defendants deny the allegations in Paragraph 192 of the Complaint.

## COUNTY THREE – DUE PROCESS AND TAKING FOR PRIVATE USE

193.     Defendants incorporate by reference the answers to Paragraphs 1 through 192 as fully set forth herein.

194.     Defendants admit the allegations in Paragraph 194 of the Complaint.

195.    As to the allegations set forth in Paragraph 195 of the Complaint, Defendants

affirmatively state that the allegations in the first sentence of Paragraph 195 are legal

conclusions to which no response is required.  To the extent that a response to these

allegations is required, Defendants deny the same.  Defendants deny the allegations

contained in the second sentence in Paragraph 195.

196.    Defendants deny the allegations in Paragraph 196 of the Complaint.

## REQUESTED RELIEF

The remaining paragraphs in Plaintiffs' Complaint constitute Plaintiffs' prayer for relief,

to which no response is required.  To the extent a further response is required, Defendants deny

the allegations in Plaintiffs' prayer for relief, and therefore deny that Plaintiffs are entitled to any

relief in this case.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack standing.

2. Defendants are immune from suit.

3. Defendants cannot be sued under Section 1983.

4. The relief request is not available under Section 1983

5. Plaintiffs' claims are not ripe.

6. Plaintiffs have other adequate remedies at law.

7. Plaintiffs have waived their claims.

8. Plaintiffs have failed to show that the Commission's Final Decision deprived them of any
   federally protected constitutional rights.

9. Plaintiffs fail to state a claim upon which relief can be granted.

10. The Final Decision is an act within the discretion and jurisdiction of the Commission under the provisions of Wis. Stat. ch. 196.  The Commission properly exercised its discretion in granting a CPCN to the Joint Applicants and complied with all applicable laws when drafting and issuing the Final Decision.

11. Defendants reserve the right to raise additional affirmative defenses as those become known and available in this action.

**WHEREFORE**, Defendants request:

1.  That the Complaint be dismissed in its entirety, on the merits and with prejudice;

2.  Its costs and fees in defending this matter; and

3.  Such other relief as the Court deems appropriate.

Dated this 4th day of December, 2020,

__/s/ Zachary J. Peters_____

Cynthia E. Smith
Chief Legal Counsel
State Bar No. 1021140

Christianne A.R. Whiting
Assistant General Counsel
State Bar No. 1076965

Zachary Ramirez
Assistant General Counsel
State Bar No. 1082568

Zachary J. Peters
Assistant General Counsel
State Bar No. 1091334

PUBLIC SERVICE COMMISSION OF
WISCONSIN
4822 Madison Yards Way

Madison, WI 53707
Cynthia.smith@wisconsin.gov

Christianne.whiting@wisconsin.gov

Zachary.peters@wisconsin.gov

608-266-1264