IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DRIFTLESS AREA LAND CONSERVANCY,
WISCONSIN WILDLIFEE FOUNDATION,

      Plaintiffs,

v.

PUBLIC SERVICE COMMISSION OF
WISCONSIN, MICHAEL HUEBSCH,
REBECCA VALCQ, & ELLEN NOWAK,

      Defendants,
and

AMERICAN TRANSMISSION COMPANY
LLC, BY ITS CORPORATE MANAGER,
ATC MANAGEMENT, INC, DAIRYLAND
POWER COOPERATIVE, and ITC
MIDWEST LLC,

      Intervenor-Defendants.

OPINION AND ORDER

19-cv-1007-wmc

The court is in receipt of the two motions for intervention by WEC Energy Group ("WEC") and Quarles & Brady, LLC (Q&B). (Dkt. #106, 107.) Both represent that they seek to intervene for the limited purpose of protecting their respective interests during discovery. Plaintiffs object to these interventions. (Dkt. #147.) For the reasons discussed below, the court will grant in part both motions to permit WEC and Q&B to intervene on a limited basis.

BACKGROUND

The plaintiffs in this case are two Wisconsin conversation organizations -- Driftless Area Land Conservancy ("DALC") and Wisconsin Wildlife Federation ("WWF"). They seek to challenge the construction of a high-voltage transmission line ("the Line") across

the state, alleging that the process by which the Line was approved violated their constitutional due process rights.[1]

Some brief background on the process by which the Line was approved is necessary to understand WEC's and Q&B's asserted connections to this case. On April 20, 2018, three private transmission companies -- the American Transmission Company ("ATC"), ITC Midwest LLC ("ITC"), and Dairyland Power Cooperative ("Dairyland") (collectively, "the Companies") -- applied for a Certificate of Public Convenience and Necessity ("CPCN") with the Public Service Commission of Wisconsin ("PSC") to construct the Line.[2] An adjudicatory proceeding was held, after which PSC Commissioners Michael Huebsch, Rebecca Valcq, and Ellen Nowak all voted to approve the Line.

Plaintiffs claim that Commissioner Huebsch's and Commissioner Valcq's "entanglements with other parties centrally involved" in the CPCN application and case proceedings amounted to unconstitutional bias in violation of their due process rights. (Compl. (dkt. #1) ¶ 18.) In particular, plaintiffs allege that WEC has a more than 60% controlling ownership of ATC (one of the applicants for the Line), and Commissioner Valcq had and continued to maintain a relationship and communications with WEC during the CPCN case proceedings, in part connected to her time as a partner at Q&B during which she allegedly represented WEC. (*See id.* ¶¶ 55-77.) During the CPCN case process, plaintiffs also allege that Commissioner Huebsch was a member of the Advisory

---

[1] Plaintiffs also originally brought a claim under the takings clause of the U.S. Constitution, but this court recently dismissed that claim under Federal Rule of Civil Procedure 12(b)(6). (*See* 11/20/20 Op. & Order (dkt. #159).)

[2] ATC, ITC, and Dairyland are also intervening defendants in the present case.

Committee of the Midcontinent Independent System Operator ("MISO"), which is owned in part by ATC, ITC, Dairyland, and a subsidiary of WEC. (*See id.* ¶¶ 81, 84.) According to plaintiffs, the Line was conceived by MISO as a part of a portfolio of 17 transmission line projects and studies, and MISO was a proponent of the Line. (*Id.* ¶¶ 73, 93.) Plaintiffs allege that through his connections to MISO, Commissioner Huebsch had *ex parte* meetings and discussions with representatives from the Companies, WEC, and other proponents of the Line. (*Id.* ¶¶ 102-104.)

Now, plaintiffs have served various discovery requests on defendants, including requests for Commissioners Huebsch's and Valcq's communications with numerous parties. These include requests to Commissioner Valcq for her communications with attorneys at Q&B and to Commissioner Huebsch for communications with WEC and its affiliates. On October 16, 2020, plaintiffs filed a motion to compel discovery of these communications. Both WEC and Q&B represent that it was at that point they became aware that their interests may be at issue. On October 23, 2020, WEC and Q&B moved to intervene in order to protect their respective alleged interests related to these discovery requests. Magistrate Judge Crocker subsequently granted plaintiffs' motion to compel, but the intervention motions remain to be addressed. (*See also* Q&B Mot. for Clarification (dkt. #169).)[3]

---

[3] In this way, Q&B's motion to clarify (dkt. #169) is now moot, having merely requested clarification as to whether Judge Crocker's ruling denied the intervention motions *sub silentio*.

OPINION

WEC and Q&B move to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) and, in the alternative, to intervene permissively under Rule 24(b)(1)(B). Both ask only to intervene for the limited purpose of protecting their interests during discovery.

Given that they seek to intervene on only a limited basis, a request for permissive intervention would certainly appear more appropriate than intervention as of right. As the Seventh Circuit has observed, "[a] party granted leave to intervene as of right under [Rule 24(a)] has the 'full rights of a party.'" *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019) (quoting *Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1022 (7th Cir. 2006)). "Unlike the more mechanical elements of intervention as of right," the *Planned Parenthood* court observed that permissive intervention:

> leaves the district court with ample authority to manage the litigation before it. The court can even place conditions on the scope of permissive intervention, allowing more voices to be heard without overcomplicating the case with additional claims, defenses, discovery, and conflicting positions.

*Id.* at 803. Similarly, the Fourth Circuit has observed that "historically most courts and commentators have held that conditions cannot be imposed" on intervention as of right, and "[i]n general, intervenors of right 'assume the status of full participants in a lawsuit and are normally treated as if they were original parties once intervention is granted.'" *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974 F.2d 450, 469 (4th Cir. 1992) (quoting *District of Columbia v. Merit Systems Protection Board*, 762 F.2d 129, 132 (D.C. Cir. 1985)); *see also* Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.) ("It had been supposed, though one or two cases may be to the contrary, that conditions could

4

not be imposed on one who intervened of right and that such an intervenor had all the privileges of an original party."); *but see W. Res., Inc. v. Union Pac. R. Co.*, No. 00-2043-CM, 2001 WL 1718370, at *1 (D. Kan. Sept. 12, 2001) (granting intervention as of right for only the limited purpose of "protecting alleged proprietary and confidential interests"). Moreover, there seems to be much greater support in the case law for permissive intervention to protect confidentiality concerns in discovery than there is approving intervention as of right to do the same. *(See generally* WEC Br. (dkt. #106) 8-10; Q&B Br. (dkt. #107) 6-8.)

Regardless, the court finds that neither WEC nor Q&B have demonstrated that they are entitled to intervene as of right. Such intervention is required under Federal Rule of Civil Procedure 24(a)(2) where: "(1) the application is timely; (2) the applicant has an 'interest' in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995) (citing Fed. R. Civ. P. 24(a)(2)). "The proposed intervenor has the burden of establishing all four elements; the lack of even one requires that the court deny the motion." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019) (citing *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001)).

Here, the proposed intervenors have not established the second element, and so their respective motions for intervention as of right must fail. Indeed, they merely express concerns that communications relevant to the dispute before the court "could" involve

private communications regarding business matters, proprietary information, trade secrets, or other topics of disclosure that might harm their respective interests, while admitting that they do not know what exactly is contained in the communications. Of course, this presents somewhat of a chicken-and-egg problem for WEC and Q&B -- they cannot know what is contained in the communications unless and until they are permitted to intervene. Still, "speculative" interests are insufficient to support interventions as of right. *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 948 (7th Cir. 2000). Requiring intervention of any individual based on a suspicion that information subject to discovery "could" contain confidential documents has no limiting principle, and such a precedent has the potential to cause significant problems for case management and judicial efficiency, since unlike permissive intervention, intervention as of right is mandatory.

That said, the court agrees that limited, permissive intervention is appropriate for both WEC and Q&B. Rule 24(b), provides that a court, in its discretion, may permit an applicant to intervene when (1) the motion is timely and (2) the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The Rule requires the court to consider 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights,' Fed. R. Civ. P. 24(b)(3), but otherwise does not cabin the district court's discretion." *Planned Parenthood*, 942 F.3d at 803.

First, both motions are timely. Four factors are relevant to this determination:

> (1) the length of time the intervenor knew or should have known of his or her interest in this case, (2) the prejudice to the original party caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any

6

unusual circumstances.

*Ragsdale v. Turnock*, 941 F.2d 501, 504 (7th Cir. 1991) (quoting South v. Rowe, 759 F.2d 610, 612 (7th Cir. 1985)). Here, both WEC and Q&B represent they became aware that their interests could be at issue in this case only one week ago. While plaintiffs have not been prejudiced from this one week "delay" in seeking intervention, the proposed intervenors may be prejudiced if they are unable to have a voice in the discovery disputes. No other unusual circumstances are present.

Moreover, numerous cases support limited, permissive intervention where a non-party seeks to intervene to protect confidential information that may be disclosed in discovery, or to modify protective orders to protect information that has been disclosed. *See Griffith v. Univ. Hosp., L.L.C.*, 249 F.3d 658, 661 (7th Cir. 2001) ("Federal Rule of Civil Procedure 24(b), governing permissive intervention, is 'sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders.'") (quoting *Jessup v. Luther*, 227 F.3d 993, 998 (7th Cir. 2000)); *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) ("[P]ermissive intervention is the proper method for a nonparty to seek a modification of a protective order."); *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("despite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders"); *Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 89 (D. Conn. 2014) (granting permissive intervention for the limited purpose of objecting to plaintiff's discovery request and seeking to obtain a modification of the operative protective order).

In line with these decisions, WEC and Q&B will be permitted to intervene for limited purpose of being allowed to challenge any confidentiality designations for communications in which they have an interest.[4]  Of course, this court is concerned about further complicating this case, in particular because construction for the Line is slated to begin next fall, and a speedy resolution is in all parties' interests.  Thus, in allowing intervention so that WEC and Q&B may be heard as appropriate given their interest in protecting potentially privileged and confidential information that may be disclosed in this case, the court does not anticipate nor will it brook any unnecessary delay in the overall proceedings by virtue of granting this limited intervention.

ORDER

IT IS ORDERED that:

1) WEC's motion to intervene (dkt. #106) and Q&B's motion to intervene (#107) are both GRANTED IN PART.  They will be permitted to intervene under Rule 23(b)(1)(B) for the limited purpose of protecting their interests during discovery.

2) Q&B's motion to clarify (dkt. #169) is DIMISSED AS MOOT.

Entered this 7th day of December, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[4] Still, typically, intervention on this basis would be denied because of other procedures available to object to such discovery requests.