IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DRIFTLESS AREA LAND CONSERVANCY and WISCONSIN WILDLIFE FEDERATION,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL HUEBSCH and REBECCA VALCQ, Commissioners of the Public Service Commission of Wisconsin<br><br>Defendants. | Case No. 19-cv-1007-wmc |

**DECLARATION OF RACHEL GRANNEMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO USE DISCOVERY MATERIALS IN BONA FIDE FILINGS IN A RELATED STATE COURT CASE**

I, Rachel Granneman, declare as follows:

1. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto. I state that the following is true and correct to the best of my knowledge and belief.

2. I am a staff attorney at the Environmental Law & Policy Center, and I am representing Driftless Area Land Conservancy and Wisconsin Wildlife Federation in the above-captioned matter. My business address is 35 East Wacker Drive, Suite 1600, Chicago, IL 60601.

3. Attached as Exhibit A is a true and correct copy of an email string between myself and Zachary Peters, counsel for Defendants, and others, with the subject, "RE: 19-cv-1007-wmc Defendants' Fifth Supplemental Response to Plaintiffs' First Requests for Production of Documents." This email string includes an email from myself to Zachary Peters, copied to Howard Learner, counsel for Plaintiffs, and Christianne Whiting, counsel for Defendants, on

1

November 5, 2020, with the question, "if we wanted to say in a brief that Commissioner Huebsch talked with Brian Rude on the phone x number of times between specific dates for x number of minutes – is your position that that would need to be filed under seal?" On the same day, Zachary Peters responded, "Our position is that the telephone numbers are confidential, and we have designated the document itself Confidential for that purpose. It is the Defendant's position that referring to the other information within the document as you reference here would not require filing under seal."

4. I reviewed the telephone records of Commissioner Huebsch that were produced by Defendants. Based on these records and information from Defendants about which telephone numbers are associated with which individuals, I compiled a log of the telephone calls included in the records between Commissioner Huebsch and (1) Robert Garvin, (2) John Garvin, (3) Brian Rude, (4) Marcus Hawkins, and (5) Tanya Paslawski. This log is attached as Exhibit B, and shows that Commissioner Huebsch and Robert Garvin called each other over 200 times between the date that the developers filed their application for a Certificate of Public Convenience and Necessity for the Cardinal-Hickory Creek transmission line (April 20, 2018) and the date that the PSCW granted the Certificate (September 26, 2019). This log does not contain any telephone numbers. My understanding therefore is that this log does not contain any information that Defendants claim to be confidential.

5. Attached as Exhibit C are true and correct copies of documents produced by the Mid-Continent Independent System Operator (MISO) in discovery in this case, which MISO purports to be confidential, which were stamped by Plaintiffs as ## 134.1-.3 and 662.1.

6. Attached as Exhibits D1, D2, and D3 are a true and correct copies of documents produced by the American Transmission Company in discovery in this case. Exhibit D1 is

stamped ATC-DALCWWF-00770 through ATC-DALCWWF-00775. The document contains email correspondence between ATC personnel to provide a "recap to the quarterly MISO Stakeholder meeting at the PSCW with Commissioner Huebsch." The Stakeholder meeting took place on June 5, 2019, which was after expert testimony was filed and twelve days before the evidentiary hearing began in the CPCN proceeding before the PSC. Exhibit D2 is stamped ATC-DALCWWF-00695 through ATC-DALCWWF-00700. The document contains correspondence between ATC personnel regarding a July 12, 2018 PSCW MISO stakeholder meeting that included Commissioner Huebsch and utility stakeholders including ATC. Exhibit D3 is stamped ATC-DALCWWF-00705 through ATC-DALCWWF-00707. The document contains correspondence between ATC personnel regarding a January 16, 2019 PSCW MISO Stakeholder meeting that included Commissioner Huebsch and utility stakeholders including ATC. The meetings described in the ATC email correspondence contain significant discussion of MISO's consideration of battery storage projects as a transmission asset and other transmission cost allocation issues, which were among the contested issues in the CPCN proceeding at the PSC.

7. Attached as Exhibit E are true and correct copies of documents produced by ITC Midwest in discovery in this case, which are stamped ITCM000044_0001 through ITCM000044_0003. The document contains email correspondence between an ITC consultant and an ITC staff member with the consultant's notes and impressions from attending the June 5, 2019 PSCW MISO Stakeholder Meeting. The consultant's notes indicate that Commissioner Huebsch opened the meeting by "stressing for himself the value & importance of these meetings" and "that C-HC is putting a spotlight on the MISO MVP process."

8. Attached as Exhibit F is a true and correct copy of a letter filed by Plaintiffs on November 25, 2020 in *County of Dane et al v. Public Service Commission of Wisconsin*, No. 19-cv-3418 (Dane County Cir. Ct.), designated Document 267.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct to the best of my knowledge.

Executed on December 23, 2020

By: *_/s/ Rachel Granneman_*
Rachel Granneman