Exhibit 1

No. 20-3325

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

———————————————————————————————

Driftless Area Land Conservancy, et al.,
Plaintiffs-Appellees,

v.

Michael Huebsch, et al.,
Defendants-Appellants.
————————————

American Transmission Company LLC, et al,
Intervenors-Defendants-Appellants.
————————————

**On Appeal from the United States District Court
for the Western District of Wisconsin
The Honorable William M. Conley, Judge
Case No. 19-cv-1007-wmc**

———————————————————————————————

## MOTION TO PARTIALLY LIFT STAY OF DISTRICT COURT
## PROCEEDINGS FOR THE LIMITED PURPOSE OF CONSIDERATION OF A
## PRELIMINARY INJUNCTION MOTION

———————————————————————————————

Plaintiffs-Appellees Driftless Area Land Conservancy and Wisconsin

Wildlife Federation ("Conservation Groups") respectfully move this Court to

partially lift its stay of the District Court's proceedings, Dkt. #15,[1] because the

Transmission Companies are moving to begin construction of their proposed

———————————————

[1] Cites to the docket in this appeal are identified as "Dkt. #_" and cites to the case
below are identified as "Dist. Ct. Dkt. #_."

1

massive transmission line in October 2021, while the Defendant-Appellants

Public Service Commission's and the Transmission Companies' interlocutory

appeal of the District Court's denial of their motions to dismiss is still pending.

The District Court denied most grounds of the Defendants' two motions to

dismiss on November 20, 2020. Dkt. #30, Appellant's App'x at 1–36. The

Defendants then filed interlocutory appeals limited to sovereign immunity issues

and sought stays of the District Court's proceedings. This Court's stay order was

entered on December 17, 2020, and oral argument was held on February 17, 2021.

The proposed huge high-voltage Cardinal-Hickory Creek transmission line

with 17-story high towers would cut a wide swath for 102 miles through the

scenic Driftless Area landscape and its vital natural resources. While their

interlocutory appeal is pending, the Transmission Companies: (1) have begun

construction of the relatively shorter Iowa portion of this proposed transmission

line; (2) conducted "pre-construction activities" on private and public lands for

the longer Wisconsin side of the proposed huge transmission line; (3) state that

they will begin construction by clearing and taking more private property and

conservation lands and waterways in Southwest Wisconsin starting in October

2021, https://www.cardinal-hickorycreek.com/; and (4) state that they plan to

build the huge transmission line with 20-story towers through the protected

Upper Mississippi River National Wildlife and Fish Refuge starting in 2022. In

2

short, the Transmission Companies apparently have bulldozers in place and ready to go in about a month from now.

The Defendant-Appellants Commission and Transmission Companies should no longer be allowed "to have it both ways." On the one hand, they have filed an interlocutory appeal that stalls and delays adjudication of the merits of the Plaintiff Conservation Groups' lawsuit, while, on the other hand, they are moving forward with construction of the costly and environmentally destructive massive transmission line, which would be impermissible if the Conservation Groups prevail on their lawsuit before the District Court challenging the Public Service Commission's decision approving the certificate of public convenience and necessity ("CPCN") as violating constitutional due process protections and requirements.

The Transmission Companies recently revealed ongoing secret, encrypted text messaging between Commissioner Huebsch and agents of two of the Transmission Companies—American Transmission Company and ITC Midwest—and others, using the "Signal" app that automatically deletes messages after they are read by the recipient. They admit that these secret communications took place while the Transmission Companies' request for a CPCN for this controversial proposed transmission line was in active litigation before the Commission.

3

The Transmission Companies admitted this wrongdoing in a motion to the Dane County Circuit Court and in a filing to the Commission on June 28, 2021, in which they asked that the Commission "rescind" its order approving the CPCN. *See* Exhibit A.[2] The Commission has not done so.

Plaintiff-Appellee Conservation Groups request that this Court lift its stay for the limited purpose of allowing a motion for a preliminary injunction to be filed, briefed, and decided by the District Court, or, in the alternative, by this Court of Appeals. Plaintiffs are entitled to have the merits of their case adjudicated before further transmission line construction and environmental destruction begins.

The continuation of the stay to protect a possibility that immunity might apply after that argument was rejected by the District Court will defeat the purpose of the Plaintiff Conservation Groups' lawsuit. That is, if immunity doesn't apply, the Court may well have decided too late. The Plaintiff Conservation Groups will have been defeated by the Transmission Companies' and Commission's procedural delays and stalling tactics, rather than by substance.

---

[2] Motion of Intervenor-Respondents American Transmission Company LLC and ATC Management Inc., ITC Midwest LLC, and Dairyland Power Cooperative for Limited Stay and Status Conference, at 2-3, *County of Dane et al. v. Public Service Commission of Wisconsin et al.*, 19-cv-3418 (Dane Cty. Cir. Ct. June 28, 2021).

4

## ARGUMENT

This lawsuit was originally filed in December 2019 and challenges the legality of the Defendant Public Service Commissioners' decision to approve construction of a costly and huge high-voltage transmission line with 17-story high towers proposed by the Intervenor-Defendant Transmission Companies. On November 20, 2020, the District Court denied in part and granted in part the Defendants' motion to dismiss on multiple grounds, specifically denying it on the grounds of Eleventh Amendment immunity. Dist. Ct. Dkt. #159. The District Court denied both Defendants' motions to stay. *Id.* at 36. The District Court specifically allowed the Plaintiff Conservation Groups to conduct discovery and make their factual case at trial that at least two of the three Defendant Commissioners lacked impartiality and thus violated the Plaintiffs' constitutional due process rights. Dkt. #30, Appellants' App'x at 36.

Defendants appealed and moved this Court for a stay of all proceedings in the District Court during the pendency of this appeal, arguing that if discovery were allowed to proceed, their alleged Eleventh Amendment immunity from suit would be effectively denied. Dkt. #7. This Court granted the stay on December 17, 2020. Dkt. #15. Throughout the litigation, Plaintiffs have explained the need to decide the case on the merits before the harm stemming from Defendants' due process violation becomes irreparable when the Transmission Companies begin

5

tree and other land clearing, and bulldozing activities for the transmission line in Wisconsin in October 2021. In Iowa, the Transmission Companies have already clear-cut trees from the right-of-way in March and early April 2021, and they began to dig foundations and commenced other construction activities on April 29, 2021. https://www.cardinal-hickorycreek.com/. This Court should partially lift the stay so that the Plaintiff Conservation Groups can file a timely preliminary injunction motion in the District Court.

Plaintiff-Appellee Conservation Groups anticipated this problem eight months ago and raised this issue with the Court by filing our Motion to Accelerate Briefing Schedule and Waive Oral Argument on December 21, 2020. Dkt. # 16-1.

> This Court has stayed the district court proceedings. Dkt. 15. The Conservation Groups' lawsuit contends that the Commissioners' objective risk of bias and failure to recuse themselves from participating in the Public Service Commission of Wisconsin's decision granting a Certificate of Public Convenience and Necessity ("CPCN") for construction of a costly high-voltage transmission line violated constitutional due process. Because discovery is paused now by the stay, that will, in turn, necessitate further extensions of the deadline date for dispositive motions and for the trial date if and when this Court affirms the district court's decision that the Commissioners are not immune as we believe this Court should so conclude. Meanwhile, the Defendants-Intervenors American Transmission Company, ITC Midwest, and Dairyland Power Cooperative ("Developers") continue to move forward with construction-related activities for their high-voltage transmission line and 17-story tall towers that would cut a wide swath for 100 miles through the Driftless Area. Any further delay thus increases the possibility that irreparable and irreversible harms will occur to the

scenic Driftless Area's vital natural resources and conservation lands (including the Upper Mississippi River National Wildlife and Fish Refuge), family farms, and small-town communities *before* Conservation Groups get a decision on the merits of their due process claim. The Defendant Commissioners and Defendants-Intervenors Developers should not be allowed to "have it both ways": file interlocutory appeals that delay the district court resolving the merits of the Conservation Groups' case, and continue to move forward with construction-related activities of their transmission line.

<div align="center">*　　　*　　　*</div>

As the Conservation Groups explained in their opposition to the stay motion, Dkt. 10 at 19–21, the more condemnation, land clearing, and construction that occurs before the Conservation Groups have had their day in court, the greater the harm they suffer. The CPCN, which Conservation Groups allege was issued in violation of due process, is what gives the transmission line Developers the right to construct their transmission line and to exercise eminent domain if necessary to acquire land rights for the line's rights-of-way through privately-held lands and protected conservation lands and waterways. Wis. Stat. § 32.03(5)(a); Wis. Stat. § 196.491(3). The relief sought by the Conservation Groups in the district court includes: (1) a declaration that the CPCN was issued in violation of due process and thus is void; and (2) an injunction preventing the Commissioners from enforcing the CPCN. If this relief is granted, the Developers would not be able to construct their transmission line without a valid, enforceable CPCN. But before the merits of the constitutional due process claim have been decided by the district court, the Developers continue to move forward with construction and acquiring land rights, creating harmful, irreversible environmental impacts.

Plaintiffs-Appellees' Motion to Accelerate Briefing Schedule and Waive Oral

Argument, Dkt #16-1 at 2-4 (December 21, 2020).

Eight months later, following full briefing and oral argument on this

interlocutory appeal, the stay is still pending while the parties await the Court's

decision. The concern explained by the Plaintiff Conservation Groups in their December 21, 2020 motion is now materializing as the Transmission Companies insist that they will begin full construction in October 2021. The situation has changed since the Court granted the Commission's and Transmission Companies' stay request on December 17, 2021.

The situation has changed in an additional respect: On June 28, 2021, the Transmission Companies requested that the Public Service Commission now "rescind" the CPCN for the transmission line because they:

> discovered information indicating that former Commissioner Huebsch engaged in regular communications with an ATC employee, a former independent contractor for ITC, and other individuals over several years, including during the Proceeding, using the Signal messaging application. Signal is used by companies and individuals because it enables users to send private, encrypted messages, which, depending on the user's settings, can be automatically deleted after a preset time period.

> The Co-Owners recognize that this newly discovered information may have significant implications for the Commission's decision in the Proceeding. As such, earlier today, ATC and ITC requested that the Commission act on its own motion to rescind the Final Decision granting the CPCN at issue in this case, reopen the Proceeding, and take further action on the CPCN without Mr. Huebsch's participation.

Exhibit A, Motion of Intervenor-Respondents American Transmission Company LLC and ATC Management Inc., ITC Midwest LLC, and Dairyland Power Cooperative for Limited Stay and Status Conference, at 2-3 (citations omitted).

8

Commissioner Huebsch, who led the Commissioners' deliberations on the CPCN approval for this controversial transmission line, thus had secretive communications via the encrypted Signal app before, during, and after the Commission's contested case hearings with several agents working for the Transmission Companies and others.[3]

This revelation adds to and strengthens the merits of the Conservation Groups' due process claims in the federal district court. For example, while the CPCN case was pending before the Commission, Commissioner Huebsch: (1) had more than 200 telephone calls with a senior executive of WEC Energy Group, which owns a 60%+ majority share of American Transmission Company, and with executives and agents of the Transmission Companies seeking approval of the CPCN; (2) engaged in frequent emails, text messaging, meetings, lunches and dinners, golf and other social events, and other *ex parte* communications with executives and agents of the Transmission Companies and their allied parties including the Midcontinent Independent System Operator ("MISO"), which had a joint litigation agreement with the three Transmission

---

[3] ATC and ITC Request to Reopen Record at 1, PSC REF# 414396, *Joint Application of American Transmission Company et al.*, PSCW Docket No. 5-CE-146 (June 28, 2021) https://apps.psc.wi.gov/ERF/ERFview/viewdoc.aspx?docid=414396. *See also* Dairyland Power Cooperative's Request to Reopen Docket, PSC REF# 414398, *Joint Application of American Transmission Company et al.*, PSCW Docket No. 5-CE-146 (June 28, 2021) https://apps.psc.wi.gov/ERF/ERFview/viewdoc.aspx?docid=414398.

Companies; (3) accepted an official position as an advisor to MISO, which was an active litigating party seeking the Commission's approval of the CPCN for the controversial transmission line; and (4) applied to be the CEO of Dairyland Power Cooperative, one of the three Transmission Companies developing this controversial transmission line, soon after leaving the Commission. These actions undermine public confidence in the fairness, independence and integrity of the utility regulatory decision-making process.

The Public Service Commission issued a notice of intent to rescind the CPCN and asked for initial comments by July 12 and reply comments by July 19.[4] The Commission has not since taken any action to "rescind" the CPCN.

This Court has the power to lift its own stay for this limited purpose. A stay is issued as an exercise of a court's discretion, and the propriety of a stay "is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)). "[A] panel that grants a stay can also vacate it." *See Flower Cab Co. v. Petitte*, 685 F.2d 192, 195 (7th Cir. 1982). And a court may partially lift a stay for a limited purpose.[5] The purpose of the stay entered in this case was to preserve the

---

[4] Notice of Intent and Request for Comments, PSC REF# 415003, *Joint Application of American Transmission Company et al.*, PSCW Docket No. 5-CE-146 (July 1, 2021) https://apps.psc.wi.gov/ERF/ERFview/viewdoc.aspx?docid=415003.
[5] *See Wilson v. Frito-Lay N. Am., Inc.*, No. 12-CV-01586-JST, 2017 WL 550211, at *1 (N.D. Cal. Feb. 10, 2017) (partially lifting stay with respect to motion for

Defendant Commissioners' asserted Eleventh Amendment right not to be sued in the event this Court reverses the District Court's denial of Defendants' motion to dismiss on the sovereign immunity grounds.

Lifting the stay for the limited purpose of allowing Plaintiff Conservation Groups to file a motion for preliminary injunction serves the interests of justice and avoids clear and direct prejudice to the Conservation Groups. This case has been pending for 20 months since the Conservation Groups filed their complaint.

Meanwhile, the Transmission Companies are now moving forward with construction of their proposed transmission line. Unless this Court intends to issue its opinion on the interlocutory appeal soon, a preliminary injunction motion will be necessary to prevent permanent environmental destruction from occurring before the District Court can rule on the merits of the Plaintiff Conservation Groups' case.

## CONCLUSION

For the foregoing reasons, Plaintiffs-Appellees Conservation Groups respectfully request that this Court issue an order that the stay of the District

---

summary judgment); *Jlip, LLC v. Stratospheric Indus., Inc.*, No. 14-61798-CIV, 2015 WL 11197780, at *1 (S.D. Fla. Oct. 28, 2015) (lifting stay for purpose of motion to disqualify counsel); *In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541, 542 (N.D. Ohio 2004) (partially lifting stay to allow discovery of materials already produced in related government investigations).

Court proceedings be partially lifted for briefing and decision on the

Conservation Groups' forthcoming motion for preliminary injunction, or, in the

alternative, for this Court to lift the stay and consider a motion for preliminary

injunction.

Respectfully submitted this 26th day of August, 2021,


Howard Learner                              /s/ Stephen P. Hurley
Howard A. Learner                           Stephen P. Hurley
Ann Jaworski                                Catherine White

Environmental Law & Policy Center           Hurley Burish, S.C.
35 East Wacker Drive, Suite 1600            33 East Main Street
Chicago, IL 60601                           Madison, WI 53703
(312) 673-6500                              (608) 257-0945
hlearner@elpc.org                           shurlely@hurleyburish.com
ajaworski@elpc.org                          cwhite@hurleyburish.com


*Attorneys for Plaintiffs-Appellees*
*Driftless Area Land Conservancy and*
*Wisconsin Wildlife Federation*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

I hereby certify that, in accordance with Federal Rule of Appellate Procedure 27(d), the foregoing motion contains 2,509, as counted by counsel's word processing system, excluding those portions of the document exempted under Rule 32(f).

DATED: August 26, 2021

<div style="margin-left: 40%;">

SIGNED:    */s/ Howard A. Learner*
Howard A. Learner
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500
hlearner@elpc.org

*Counsel for Plaintiffs-Appellees*
*Driftless Area Land Conservancy and*
*Wisconsin Wildlife Federation*

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2021, I electronically filed the foregoing

with the Clerk of the Court for the United States Court of Appeals for the

Seventh Circuit by using the CM/ECF system. I certify that all participants in the

case are registered CM/ECF users and that service will be accomplished by the

CM/ECF system.

DATED: August 26, 2021

SIGNED:     */s/ Howard A. Learner*
            Howard A. Learner
            Environmental Law & Policy Center
            35 East Wacker Drive, Suite 1600
            Chicago, IL 60601
            (312) 673-6500
            HLearner@elpc.org

            *Counsel for Plaintiffs-Appellees*
            *Driftless Area Land Conservancy and*
            *Wisconsin Wildlife Federation*

14

Exhibit A

FILED
06-28-2021
CIRCUIT COURT
DANE COUNTY, WI
2019CV003418

STATE OF WISCONSIN

DANE COUNTY BRANCH 9

CIRCUIT COURT

*For official use*

| | |
|---|---|
| County of Dane,<br>Driftless Area Land Conservancy,<br>Wisconsin Wildlife Federation,<br>Iowa County,<br>Town of Wyoming,<br>Village of Montfort,<br>    Petitioners,<br><br>Chris Klopp,<br>Gloria and LeRoy Belkin,<br>S.O.U.L of Wisconsin,<br>    Intervenor-Petitioners,<br>   v.<br>Public Service Commission of Wisconsin,<br><br>    Respondent,<br><br><br>American Transmission Company, LLC,<br>ITC Midwest, LLC,<br>Dairyland Power Cooperative,<br>Midcontinent Independent System Operator, Inc.,<br>Clean Grid Alliance,<br>Fresh Energy,<br>Minnesota Center for Environmental Advocacy,<br>    Intervenor-Respondents. | Case No. 19-CV-3418 |

**NOTICE OF MOTION OF INTERVENOR-RESPONDENTS AMERICAN TRANSMISSION COMPANY LLC AND ATC MANAGEMENT INC., ITC MIDWEST LLC, AND DAIRYLAND POWER COOPERATIVE FOR STATUS CONFERENCE AND LIMITED STAY**

TO:      ALL PARTIES (via electronic filing)

PLEASE TAKE NOTICE that at a date and time to be determined by the Court, in the Dane County Circuit Court, 215 South Hamilton Street, Madison, WI 53703, Branch 9, the Honorable Jacob Frost presiding, Intervenor-Respondents American Transmission Company LLC and ATC Management Inc. ("ATC"), Dairyland Power Cooperative ("Dairyland"), and ITC Midwest LLC ("ITC") (collectively, "the Co-Owners") will move this Court for a status conference and temporary stay of all deadlines in the case until the requested status conference can be held. The basis for this motion is set forth more fully in the accompanying motion being filed concurrently herewith.

*[The remainder of this page is intentionally left blank]*

Dated: June 28, 2021

Respectfully submitted,

**PERKINS COIE, LLP**

*Electronically signed by Brian. H. Potts*
Brian H. Potts
State Bar No. 1060680
David R. Zoppo
State Bar No. 1094283
33 East Main Street, Suite 201
Madison, WI 53703-5118
Tel: (608) 663-7460
Fax: (608) 663-7499
Email: bpotts@perkinscoie.com
       dzoppo@perkinscoie.com

*Attorneys for American Transmission Company LLC and ATC Management Inc.*

**WHEELER, VAN SICKLE & ANDERSON, S.C.**

*Electronically signed by Justin W. Chasco*
Justin W. Chasco
State Bar No. 1062709
44 East Mifflin Street, Suite 1000 Madison, WI 53703
Tel: (608) 255-7277
Fax: (608) 255-6006
Email: jchasco@wheelerlaw.com

*Attorney for Dairyland Power Cooperative*

**TAFT STETTINIUS & HOLLISTER LLP**

*Electronically signed by Valerie T. Herring*
Valerie T. Herring
State Bar No. 1076996
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2157
Tel: (612) 977-8400
Fax: (612) 977-8650
Email: vherring@taftlaw.com

**FREDRIKSON & BYRON, P.A.**

Lisa M. Agrimonti
State Bar No. 1032645
200 South 6th Street, Suite 4000
Minneapolis, MN 55402
Tel: (612) 492-7000
Fax: (612) 492-7077
Email: lagrimonti@fredlaw.com

*Attorneys for ITC Midwest LLC*

FILED
06-28-2021
CIRCUIT COURT
DANE COUNTY, WI
2019CV003418

STATE OF WISCONSIN

DANE COUNTY BRANCH 9

CIRCUIT COURT

*For official use*

| | |
|---|---|
| County of Dane,<br>Driftless Area Land Conservancy,<br>Wisconsin Wildlife Federation,<br>Iowa County,<br>Town of Wyoming,<br>Village of Montfort,<br>     Petitioners,<br><br>Chris Klopp,<br>Gloria and LeRoy Belkin,<br>S.O.U.L of Wisconsin,<br>     Intervenor-Petitioners,<br>     v.<br>Public Service Commission of Wisconsin,<br><br>     Respondent,<br><br><br>American Transmission Company, LLC,<br>ITC Midwest, LLC,<br>Dairyland Power Cooperative,<br>Midcontinent Independent System Operator, Inc.,<br>Clean Grid Alliance,<br>Fresh Energy,<br>Minnesota Center for Environmental Advocacy,<br>     Intervenor-Respondents. | Case No. 19-CV-3418 |

---

**MOTION OF INTERVENOR-RESPONDENTS AMERICAN TRANSMISSION
COMPANY LLC AND ATC MANAGEMENT INC., ITC MIDWEST LLC, AND
DAIRYLAND POWER COOPERATIVE FOR LIMITED STAY AND STATUS
CONFERENCE**

---

Intervenor-Respondents American Transmission Company LLC and ATC Management Inc. ("ATC"), Dairyland Power Cooperative ("Dairyland"), and ITC Midwest LLC ("ITC") (collectively, "the Co-Owners") hereby move for a status conference in 10 to 14 days (or otherwise at the Court's earliest convenience) in the above-captioned case. The Co-Owners also move for a temporary stay of all deadlines in the case until the requested status conference can be held. As explained below, several important developments have transpired in the last week that necessitate a status conference and temporary stay while the Public Service Commission of Wisconsin ("PSCW" or "Commission") determines whether, and to what extent, to act on the Co-Owners' request to rescind the Final Decision granting the Certificate of Public Convenience and Necessity ("CPCN") for the Cardinal-Hickory Creek 345-kilovolt Transmission Line Project ("Project") and reopen Commission Docket No. 05-CE-146 ("the Proceeding") to consider next steps.[1]

## I.    Background

This case concerns the Commission's September 26, 2019 Final Decision approving a CPCN for the Project. Pursuant to Wis. Stat. § 227.52, the Petitioners seek review of that decision by this Court. Petitioners claim, among other things, that former PSCW Commissioner Michael Huebsch should have recused himself from participating in the CPCN proceedings because he allegedly engaged in *ex parte* communications regarding the CPCN application for the Project.[2]

Last week, ATC and ITC discovered information indicating that former Commissioner Huebsch engaged in regular communications with an ATC employee, a former independent contractor for ITC, and other individuals over several years, including during the Proceeding, using

---

[1] Undersigned counsel for ATC contacted counsel for petitioners Driftless Area Land Conservancy and Wisconsin Wildlife Federation ("DALC/WWF") to inform them that the Co-Owners would be submitting this motion to the Court. DALC/WWF indicated that they have not yet formed on a position on this motion.

[2] *See, e.g.*, DALC Petition for Judicial Review, ¶ 113 (Iowa County Case No. 2019-CV-144, Dkt. 2); WWF Petition for Judicial Review, ¶ 113 (Columbia County Case No. 2019-CV-334)

the Signal messaging application. Signal is used by companies and individuals because it enables users to send private, encrypted messages, which, depending on the user's settings, can be automatically deleted after a preset time period.[3]

The Co-Owners recognize that this newly discovered information may have significant implications for the Commission's decision in the Proceeding. As such, earlier today, ATC and ITC requested that the Commission act on its own motion to rescind the Final Decision granting the CPCN at issue in this case, reopen the Proceeding, and take further action on the CPCN without Mr. Huebsch's participation.[4] (*See* Exhibit A) Because Mr. Huebsch is no longer a PSCW commissioner, he necessarily would have no role in any further Commission proceedings.

## II.  The Court should temporarily stay all deadlines in this case and convene a status conference.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket. *Hefty v. Strickhouser*, 2008 WI 96, ¶ 31, 312 Wis. 2d 530, 752 N.W.2d 820 (power to control docket is inherent and is also granted by statute, specifically Wis. Stat. § 802.10(3)(f)). The decision to stay proceedings rests with the sound discretion of the circuit court. *Id.* ATC's and ITC's discovery of Commissioner Huebsch's communications over the Signal app, and the Co-Owners' subsequent request to reopen the Proceeding, raise several issues that warrant a stay and status conference.

*First*, the Co-Owners' request that the Commission rescind, reopen, and reconsider the CPCN at issue in this case may moot this proceeding. If the Commission rescinds the CPCN, then there will be no final agency action for this Court to review unless and until the Commission takes

---

[3] *See, e.g.*, Signal Support, *available at* https://support.signal.org/hc/en-us/articles/360007320391-Is-it-private-Can-I-trust-it-; https://support.signal.org/hc/en-us/articles/360007320771-Set-and-manage-disappearing-messages.
[4] Dairyland's employees and representatives were not involved in the communications. Nevertheless, Dairyland supported the request to the Commission by separate filing and joins in this filing. (*See* Exhibit B)

further action on the CPCN for the Project (without the participation of former Commissioner Huebsch) and issues a new final decision. *See, e.g.*, *Lake Beulah Mgmt. Dist. v. State Dep't of Nat. Res.*, 2010 WI App 85, ¶ 10, 327 Wis. 2d 222, 230, 787 N.W.2d 926, 931, *aff'd in part, rev'd in part*, 2011 WI 54, ¶ 10, 335 Wis. 2d 47, 799 N.W.2d 73 (dismissing as moot appeal from administrative decision where contested permit had expired and DNR had issued another permit); *PRN Assocs. LLC v. State, Dep't of Admin.*, 2009 WI 53, ¶¶ 28-29, 317 Wis. 2d 656, 671, 766 N.W.2d 559, 567 (noting the "'general rule is that the court will not determine abstract principles of law'" and that an "issue is moot when the court concludes that its resolution cannot have any practical effect on the existing controversy") (citation omitted).

Moreover, the Legislature intended judicial review under Wis. Stat. § 227.52 to be limited to final agency orders. *See Sierra Club v. Dep't of Nat. Res.*, 2007 WI App 181, ¶ 13, 736 N.W.2d 918, 923. Courts are guided by "the principle that judicial review should be of the agency action 'in its entirety,'" and "[t]here is no doubt that it is more efficient for circuit courts and the court of appeals to address all the issues in one petition for judicial review." *Id*. at ¶ 24 (citations omitted). Again, if the Commission rescinds the CPCN, then there necessarily is no final order for this Court to review under Chapter 227.

A temporary stay of this case is thus warranted pending further Commission action on the CPCN so that the parties and this Court can determine what, if any, additional action is necessary in this proceeding—a topic that can be explored at the status conference.

*Second*, even if this case proceeds, additional time is needed to ensure the parties have reasonable assurance that they know and understand all relevant facts and to prepare for upcoming depositions. At this time, the Co-Owners have no evidence that any of the newly discovered Signal communications were related to the Cardinal-Hickory Creek Project or the Proceeding. ATC and

ITC are working expeditiously to retrieve these communications. But from a forensic standpoint, the encrypted nature of the Signal application and its ephemeral messaging capability make recovery of these communications more difficult compared to traditional electronically stored information. In fact, it is unclear at this time whether these communications can be fully recovered at all. A short stay while the Co-Owners investigate these issues will allow for more complete and meaningful discovery responses if this case continues to move forward.[5] Moreover, the Petitioners have subpoenaed the ATC employee who communicated with former Commissioner Huebsch over the Signal application. That employee was previously represented by undersigned ATC counsel in a related federal proceeding, but counsel was forced to withdraw from that representation upon discovering the existence of the Signal communications. A limited stay will permit that employee to retain counsel and have that counsel appear in this case if he so desires.

*Third*, a stay will prevent a significant expenditure of the parties' and the Court's resources for tasks that are likely to be unnecessary. In addition to significant discovery pending between the parties, several depositions are currently scheduled for mid- to late-July. Petitioners also have a pending motion for a protective order, (*see* Dkt. 349), with further briefing required. These and other related tasks should be suspended pending the status conference, because the ongoing discovery may no longer be necessary given the Co-Owners' request that the Commission reopen the Proceeding.

## III.    Conclusion

For the foregoing reasons, the Co-Owners respectfully request that the Court schedule a status conference in 10 to 14 days (or otherwise at the Court's earliest convenience) and impose a limited stay of all case deadlines until the requested status conference can be held.

---

[5] Notwithstanding the request for a limited stay, ATC and ITC intend to provide written responses to Petitioners' discovery requests today, June 28, 2021.

Dated: June 28, 2021

Respectfully submitted,

**PERKINS COIE, LLP**

*Electronically signed by Brian. H. Potts*
Brian H. Potts
State Bar No. 1060680
David R. Zoppo
State Bar No. 1094283
33 East Main Street, Suite 201
Madison, WI 53703-5118
Tel: (608) 663-7460
Fax: (608) 663-7499
Email: bpotts@perkinscoie.com
          dzoppo@perkinscoie.com

*Attorneys for American Transmission Company LLC and ATC Management Inc.*

**WHEELER, VAN SICKLE & ANDERSON, S.C.**

*Electronically signed by Justin W. Chasco*
Justin W. Chasco
State Bar No. 1062709
44 East Mifflin Street, Suite 1000 Madison, WI 53703
Tel: (608) 255-7277
Fax: (608) 255-6006
Email: jchasco@wheelerlaw.com

*Attorney for Dairyland Power Cooperative*

**TAFT STETTINIUS & HOLLISTER LLP**

*Electronically signed by Valerie T. Herring*
Valerie T. Herring
State Bar No. 1076996
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2157
Tel: (612) 977-8400
Fax: (612) 977-8650
Email: vherring@taftlaw.com

**FREDRIKSON & BYRON, P.A.**
Lisa M. Agrimonti
State Bar No. 1032645
200 South 6th Street, Suite 4000
Minneapolis, MN 55402
Tel: (612) 492-7000
Fax: (612) 492-7077
Email: lagrimonti@fredlaw.com

*Attorneys for ITC Midwest LLC*