

10 East Doty Street, Suite 621
Madison, Wisconsin 53703
Tel 608 620 8345   Fax 312 692 1718

June 21, 2023

***VIA ELECTRONIC FILING***

The Honorable William M. Conley
United States District Court
Western District of Wisconsin
120 N. Henry Street
Madison, WI 53703

      Re:   *Driftless Area Land Conservancy et al. v. Rebecca Valq et al.,* 3:19-cv-01007-wmc, Notice of Supplemental Authority

Dear Judge Conley:

    Proposed-Intervenor Defendant Michael Huebsch submits this notice of supplemental authority enclosing the notice of appeal and docketing statement (Exhibits A and B) filed today by Driftless Land Area Conservancy in the parallel state-court litigation, whose existence long ago prompted the Seventh Circuit to order this Court *sua sponte* to stay proceedings under the *Colorado River* doctrine and then to dismiss once "dispositive developments in the state litigation" had occurred. *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 529 (7th Cir. 2021), *reh'g denied* (Nov. 16, 2021); *see County of Dane, et al. v. Public Service Commission of Wisconsin, et al.*, No. 2019CV3418 (Dane Cnty. Cir. Ct.).

    "[D]ispositive developments in the state litigation" occurred nearly one year ago, when the state supreme court rejected Driftless's claim of bias as "borderline frivolous." *Cnty. of Dane v. Pub. Serv. Comm'n of Wisconsin*, 403 Wis. 2d 306, 349 (2022) (Hagedorn, J., concurring); *see id.* at 318 (op. of the Court) (agreeing); *id.* at 337 (lead op.) (Driftless "did not come close" to alleging cognizable bias claim). If that somehow had not been final enough, then surely dispositive developments concluded when the circuit court entered judgment, nearly a half year ago. And, while Driftless now appeals that judgment (a fact irrelevant to preclusion, as noted below), it has made clear that it is *not* attempting to revive its "bias" theory, the sole claim remaining here. It seeks review instead only of separate state-law statutory claims contesting the Public Service Commission's decision on the merits, claims which have nothing to do with the instant action. If for some reason more proof were necessary that the bias claim has been fully and finally adjudicated in the state litigation, the attached notice of appeal and docketing statement are it.

    No such proof should have been necessary. Neither claim nor issue preclusion depends on whether an appeal has been or will be filed, since a "Wisconsin judgment has preclusive effects even while it is on appeal." *Gerard v. Gerard*, 780 F.3d 806, 809



Hon. William M. Conley  
June 21, 2023  
Page 2

(7th Cir. 2015); *see also DeGuelle v. Camilli*, 724 F.3d 933, 935 (7th Cir. 2013) ("The pendency of an appeal doesn't suspend the preclusive effect of the judgment being appealed [in Wisconsin]."); *Vince v. Randy Iten Chevrolet, Inc.*, 2002 WL 32350054, at *1 (W.D. Wis. Dec. 5, 2002). Hence Judge Crabb has flatly rejected the argument that a Wisconsin state-court judgment "is not truly final [for purposes of claim preclusion] until the appeal has been decided." *Vince v. Randy Iten Chevrolet, Inc.*, No. 02-C-0088-C, 2002 WL 32350054, at *1 (W.D. Wis. Dec. 5, 2002). Rather, as Judge Crabb correctly stated, it has long been the law in Wisconsin that "an appeal does not deprive a judgment of its effect as a bar to another action." *Town of Fulton v. Pomeroy*, 87 N.W. 831, 833 (Wis. 1901); *see also* Dkt. 249 at 4–7 (explaining further why no appeal is required for preclusive effect).

Huebsch has explained all of this in several filings. The most recent was his last notice of supplemental authority, filed six weeks ago. Driftless filed no response. The point went undisputed. The case should have been dismissed.

That did not happen. In fact, nothing has happened. The Court has not set a hearing, called for more briefing, or even given any indication that Huebsch's filings—submitted almost a half year ago—are under consideration.

"The clear spirit of the Seventh Circuit's mandate" requires that this litigation terminate. *In re A.F. Moore & Assoc., Inc.*, 974 F.4th 836, 472 (7th Cir. 2020) (per curiam) (issuing writ of mandamus because district court's stay of proceedings following remand was "incompatible with the clear spirit of our mandate"). It should not be permitted to loiter in perpetuity in a kind of docket limbo. Huebsch, the real target of Driftless's "near frivolous" allegations, continues to be harmed even by the pendency of this "near frivolous" case. He "has a clear right to [dismissal] and lacks any other way to protect his . . . rights" except through these non-party filings, which so far have yielded nothing. *See In re Commodity Futures Trading Commission*, 941 F.3d 869, 872 (7th Cir. 2019) (mandamus).

Judgment should be entered without further delay.

Sincerely,

Ryan J. Walsh

CC: All counsel of record