IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DRIFTLESS AREA LAND CONSERVANCY
and WISCONSIN WILDLIFE FEDERATION,

                       Plaintiffs,                 OPINION and ORDER

   v.                                           19-cv-1007-wmc

REBECCA VALCQ and TYLER HUEBNER,
in their official capacities as members of the
Public Service Commission of Wisconsin,

                      Defendants,

     and

AMERICAN TRANSMISSION COMPANY, LLC, *et al.*,

                   Intervenor Defendants.

---

This case arises out of a highly contested proposal to construct a 100-mile powerline in southwestern Wisconsin. In September 2019, the Public Service Commission of Wisconsin issued a permit authorizing two transmission companies and an electricity cooperative to build and operate the line. Plaintiffs Driftless Area Land Conservancy and Wisconsin Wildlife Federation then filed lawsuits in both federal and state court seeking to invalidate the permit. In both cases, plaintiffs alleged that two of the three PSC commissioners had disqualifying conflicts of interest and should have recused themselves. While both suits raised federal due-process claims, the state litigation also invoked state recusal law and contested the permit on other state-law grounds. At the direction of the Seventh Circuit, this court stayed the federal case under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976), pending resolution of those state

proceedings. *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 515 (7th Cir. 2021) ("*Driftless II*").

Following entry of that stay, the state courts proceeded to consider and reject plaintiffs' challenges based on alleged conflicts of interests of the PSC commissioners, including the federal due process claims.  These state court developments have led to a flurry of filings in this case.  To begin, non-party commissioner Huebsch filed: (1) a motion to intervene (dkt. #229);[1] (2) a motion for judgment on the pleadings based on issue and claim preclusion (dkt. #233); and (3) a motion for a protective order and lift of stay (dkt. #226).  Plaintiffs also filed a motion to lift the stay and set this case for a scheduling conference (dkt. #235). Defendants and intervenor-defendants filed responses to the various motions, taking the position that if the court lifts the stay, the case should be dismissed.  (Dkt. #240 and #241.)  As explained below, the court will lift the stay and dismiss plaintiffs' remaining claims with prejudice under the doctrine of claim preclusion.

## BACKGROUND

The complicated procedural background of this case is largely immaterial here and can be found in this court's and the Seventh Circuit's earlier decisions.  *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742 (7th Cir. 2020) ("*Driftless I*")*; Driftless II*, 16 F.4th at 515–18; dkt. #49 and #159.  Briefly, plaintiffs are two Wisconsin environmental groups, Driftless Area Land Conservancy and the Wisconsin Wildlife Federation, who sued the

---

[1] Huebsch was initially named a defendant in this case in his official capacity as a Commissioner but was replaced by defendant Tyler Huebner after Huebsch resigned from the PSC.

Public Service Commission of Wisconsin and its three commissioners at the time -- Rebecca Valcq, Michael Huebsch, and Ellen Nowak. The intervenors are the utility companies that hold the permit for the powerline construction and will own and operate the power line -- American Transmission Company LLC, ITC Midwest LLC, and Dairyland Power Cooperative.

In both federal and state cases, plaintiffs claimed that PSC Commissioners Huebsch and Valcq were unconstitutionally biased under the due process standard set forth in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). This court initially declined to apply *Colorado River* abstention, concluding that the state case was not parallel to the federal case. (Dkt. #159.) The Seventh Circuit reversed and remanded the case for entry of a stay, holding that "the state and federal suits are clearly parallel for purposes of *Colorado River*," as the plaintiffs had "raised materially identical due-process recusal claims in both." *Driftless II*, 16 F.4th at 515. In addition, the court of appeals found that both cases implicated "serious state interests regarding the operation of Wisconsin administrative law and judicial review of state-agency proceedings," such that the state courts should have "an opportunity to decide the recusal issue." *Id.* Finally, the Seventh Circuit noted that "the state case has advanced toward a resolution of the due-process claim," as a state trial court had already rejected plaintiffs' bias allegations against Valcq, and the allegations against Huebsch were before the Wisconsin Supreme Court in the context of his appeal of the trial court's denial of his motion to quash subpoenas.[2] *Id.* at 515, 527. Accordingly, this court

---

[2] The state trial court had granted plaintiffs' request to expand the administrative record in accordance with procedures set forth in Wis. Stat. ch. 227 on the ground that plaintiffs' conflict of interest allegations against Huebsch were enough to state a prima facie case of an appearance of

entered an order staying the case under *Colorado River* on November 24, 2021. (Dkt. #223.)

On July 7, 2022, the Wisconsin Supreme Court issued a decision reversing the trial court's denial of Huebsch's motion to quash on the ground that plaintiffs' bias allegations against Huebsch failed to "come close to the level of alleging a cognizable due process claim under *Caperton*." *Cnty. of Dane v. Pub. Serv. Comm'n of Wisconsin*, 2022 WI 61, ¶ 4, 403 Wis. 2d 306, 318, 976 N.W.2d 790, 796 (majority op.). A majority of justices called the allegations "borderline frivolous." *Id.* at ¶ 54 (lead op.); *id.* at ¶ 86 (Hagedorn, J., concurring). Moreover, a majority of justices squarely rejected plaintiffs' theory that an "appearance of bias" created by Huebsch's and Valcq's conduct violated due process. *Id.* at ¶¶ 54–76 (lead op.); *id.* at ¶ 97 (Hagedorn, J., concurring). On remand, therefore, the state trial court issued an order dismissing all of plaintiffs' bias claims. *County of Dane, et al. v. Klopp, et al.*, 2019CV3418 (Nov. 2, 2022) (Dkt. #235-2.)

OPINION

As the Seventh Circuit predicted, the state court has resolved plaintiffs' federal due process claims based on the alleged bias of Commissioners Valcq and Huebsch. *Driftless II,* 16 F.4th at 527 ("[I]t's not just 'substantially likely' that the state litigation will dispose of the federal case—it is nearly certain that it will do so.") Thus, the question for this court is what should happen next in this case. Although plaintiffs disagree, the answer is

---

improper bias. After the circuit judge authorized discovery on the recusal question, Huebsch appealed, eventually reaching the Wisconsin Supreme Court. *Cnty. of Dane v. Pub. Serv. Comm'n of Wisconsin,* 2022 WI 61, ¶ 1, 403 Wis. 2d 306, 317, 976 N.W.2d 790, 796.

straightforward: plaintiffs' due process claims must be dismissed. A federal court's "decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). "[T]he state court's judgment on the issue would be *res judicata*," *id.* at 10, and the federal court is "bound, as a matter of *res judicata*, to honor the state court's judgment." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713 (1996); *see also R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 687 F.3d 362, 364 (7th Cir. 2012) ("abstention pursuant to *Colorado River*" means that the case "should proceed to judgment in the state court; and that [state] judgment would be *res judicata* in the federal court and thus end the federal suit"). Thus, when the "state case has reached a conclusion," the federal court should "dismiss the suit outright on grounds of claim preclusion." *Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995).

In this case, plaintiffs' federal due process claims against Valcq and Huebsch -- the only claims remaining in this case -- are now plainly barred by the doctrine of claim preclusion (*res judicata*). As an initial matter, Wisconsin law generally determines whether plaintiffs' state-court case has preclusive effect here. *Wilhelm v. Cty. of Milwaukee*, 325 F.3d 843, 846 (7th Cir. 2003); 28 U.S.C. § 1738. In Wisconsin, as in most jurisdictions, claim preclusion bars "all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings." *Teske v. Wilson Mut. Ins. Co.*, 2019 WI 62, ¶ 23, 387 Wis. 2d 213, 225, 928 N.W.2d 555, 561 (2019) (quoting *Lindas v. Cady*, 183 Wis. 2d 547, 558, 515 N.W.2d 458 (1994)). There are three elements: (1) a final judgment on the merits; (2) an identity of the causes of

action in the two lawsuits; and (3) an identity between the parties or their privies in the prior and present lawsuits. *Id.* ¶ 25. These three elements are satisfied here.

First, the state court decisions rejecting plaintiffs' due process claims are final. The Wisconsin Supreme Court's decision ruled definitively that plaintiffs' "allegations of bias do not come close to the level of alleging a cognizable due process claim under *Caperton*." *Cty. of Dane*, 2022 WI 61, ¶ 4 (majority op.). As noted above, a majority of justices labeled plaintiffs' due process claims as "border[line] frivolous." *Id.* at ¶ 54 (lead op.); *id.* at ¶ 86 (Hagedorn, J., concurring). This decision rejecting plaintiffs' subpoena requests for failure to state a claim constitutes a decision on the merits. *See Juneau Square Corp. v. First Wisconsin Nat. Bank of Milwaukee*, 122 Wis. 2d 673, 686, 364 N.W.2d 164, 171 (Ct. App. 1985) ("A dismissal for failure to state a claim is a judgment on the merits [for purposes of claim preclusion]."). Moreover, on remand, the state trial court's order dismissing all plaintiffs' bias allegations accorded additional finality to the Supreme Court's decision.

Second, the Seventh Circuit's earlier decision as to the identity of the causes of action and the parties is already law of the case. Specifically, the Seventh Circuit concluded that the claims are "materially identical": they "involve the same parties, the same facts, and the same issues … will be resolved by examining largely the same evidence and are governed by the legal standard announced in *Caperton*." *Driftless II*, 16 F.4th at 526 (citations omitted); *see also id.* (noting that plaintiffs' state and federal claims were "wholly duplicative" of each other).

Plaintiffs' arguments to the contrary are not persuasive. To begin, plaintiffs argue that the Wisconsin Supreme Court's decision is not preclusive because it addressed only

state-law administrative issues; specifically, whether plaintiffs could obtain discovery from Commissioner Huebsch.  Plaintiffs also argue that the state courts considered only the administrative record and could not have properly evaluated their due process claim without more discovery.

However, the Seventh Circuit rejected these very same arguments in concluding that abstention was warranted under *Colorado River* because the state-court litigation "raise[s] federal due-process claims." *Driftless II*, 16 F.4th at 514–15.  In reaching its holding, the Seventh Circuit took notice of the fact that the Wisconsin Supreme Court would be considering plaintiffs' federal due process claims in the context of Huebsch's appeal regarding subpoenas and plaintiffs' request to expand the administrative record.  *Id.* Nonetheless, the court of appeals concluded that the state courts should resolve those due process questions, and that there was "no good reason to litigate identical due-process recusal claims in state and federal court." *Id.* at 527.  Plaintiffs neither identify a change in facts or law between the Seventh Circuit's decision and the Wisconsin Supreme Court's rejection of their due process claim under *Caperton*, nor can they genuinely dispute that the Wisconsin Supreme Court's express reliance on *Caperton* addressed both federal and state law due process claims.  Rather, plaintiffs' arguments amount to an improper attempt to relitigate the question whether abstention was appropriate in the first place.

As the Seventh Circuit noted when ordering *Colorado River* abstention, "[i]t appears that Driftless simply wants two bites at the apple." *Id.*  The same is true here.  The Wisconsin Supreme Court rejected plaintiffs' due process bias claims, and plaintiffs cannot

relitigate those claims in federal court.  Accordingly, the court will dismiss plaintiffs' claims here with prejudice under the doctrine of claim preclusion.

ORDER

IT IS ORDERED that:

1) The order staying this case is LIFTED.

2) Plaintiffs Driftless Area Land Conservancy and Wisconsin Wildlife Federation's federal due process claims are DISMISSED with prejudice.

3) Michael Huebsch's motions to intervene (dkt. #229), for judgment on the pleadings (dkt. #233), and for a protective order (dkt. #226) are DENIED as moot.

4) Plaintiffs' motion to lift the stay and set this case for a scheduling conference (dkt. #235) is DENIED as moot.

5) Plaintiffs' motion for leave to use discovery in related state court case (dkt. #211) is DENIED as moot.

6) The clerk of court is directed to enter judgment and close this case.

Entered this 25th day of July, 2023.

BY THE COURT:

/S/

_____
WILLIAM M. CONLEY
District Judge