UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

DRIFTLESS AREA LAND CONSERVANCY
and WISCONSIN WILDLIFE FEDERATION,

      *Plaintiffs*,

   *v.*

REBECCA VALCQ and TYLER HUEBNER,
in their official capacities as members
of the Public Service Commission of
Wisconsin,

      *Defendants*,

   and

AMERICAN TRANSMISSION COMPANY,
LLC, *et al.*,

      *Intervenor Defendants*.

Case No. 19-cv-1007-wmc

---

**MOTION TO STRIKE OCTOBER 12, 2023 DECLARATION OF BRIAN POTTS OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SURREPLY**

---

      Plaintiffs Driftless Area Land Conservancy and Wisconsin Wildlife Federation, and nonparty respondent Howard Learner, as the Environmental Law and Policy Center's Executive Director and Senior Attorney, by undersigned counsel, respectfully move the Court under Federal Rule of Civil Procedure 6(c)(2) to strike the October 12, 2023 declaration of Brian Potts, dkt. 263, and the portions

1

of ATC and Dairyland's reply brief that rely on that declaration, dkt. 262. In the alternative, Plaintiffs and nonparty respondent respectfully request leave to file a brief surreply to address the new issues raised by the October 12 declaration and corresponding portions of ATC and Dairyland's reply brief.

Rule 6(c)(2) provides, "Any affidavit supporting a motion must be served with the motion." The rule "is designed to prevent movants from springing new facts on an opposing party when it is too late for that party to contest them." *RepublicBank Dallas, N.A. v. First Wisconsin Nat'l Bank of Milwaukee*, 636 F. Supp. 1470, 1472 (E.D. Wis. 1986). It also follows from the principle that "[a]rguments raised for the first time in a reply brief are waived." *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998); *see also Eby-Brown Co. v. Wisconsin Dep't of Agriculture, Trade, & Consumer Protection*, 213 F. Supp. 2d 993, 1011 (W.D. Wis. 2001) ("Because plaintiff raised this argument for the first time in its reply brief, defendants did not have an opportunity to respond to it. Therefore, I will not consider it.").

Potts' October 12 declaration lists the work performed by ATC and Dairyland's lawyers in the related state proceedings. *See* dkt. 263. ATC and Dairyland's reply brief cites the declaration in support of the arguments that (1) ATC and Dairyland materially contributed to the resolution of the § 1983 action, *see* dkt. 262, at 7; and (2) plaintiffs were not prevented from collecting evidence to support their due process claims, *see id.* at 16. Both arguments go

straight to the legal standard for recovering attorney fees under § 1988 that ATC and Dairyland identified in their opening motion, *see* dkt. 256, at 15–16. As the parties with the burden of proof, ATC and Dairyland should have provided the sworn statements in Potts' October 12 declaration as part of their opening motion, not in reply. *See WARF v. Apple, Inc.*, 261 F. Supp. 3d 900, 918 (W.D. Wis. 2017) (reversed on other grounds by *WARF v. Apple, Inc.*, 905 F.3d 1341 (Fed. Cir. 2018)).

For the foregoing reasons, Plaintiffs Driftless Area Land Conservancy and Wisconsin Wildlife Federation and nonparty respondent Howard Learner as the Environmental Law and Policy Center's Executive Director and Senior Attorney respectfully request that this Court strike Potts' October 12 declaration and the corresponding portions of ATC and Dairyland's reply brief. In the alternative, plaintiffs and nonparty respondent respectfully request leave to file a brief surreply to address the new issues raised by the October 12 declaration.

Respectfully submitted this 8th day of November, 2023.

Respectfully submitted,

DRIFTLESS AREA LAND CONSERVANCY and WISCONSIN WILDLIFE FEDERATION, *Plaintiffs*

HOWARD LEARNER, ENVIRONMENTAL LAW AND POLICY CENTER'S EXECUTIVE DIRECTOR AND SENIOR ATTORNEY, *Nonparty Respondent*

3

*/s/ Catherine E. White*
Catherine E. White
Stephen P. Hurley
HURLEY BURISH, S.C.
33 E. Main Street, Suite 400
Madison, Wisconsin 53703
608.257.0945
608.257.5764 (fax)
cwhite@hurleyburish.com

4