UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DRIFTLESS AREA LAND CONSERVANCY and WISCONSIN WILDLIFE FEDERATION,<br><br>Plaintiffs,<br><br>vs.<br><br>PUBLIC SERVICE COMMISSION OF WISCONSIN and REBECCA VALCQ, TYLER HUEBNER, and ELLEN NOWAK, in their official capacities as members of the Public Service Commission of Wisconsin,<br><br>Defendants,<br><br><br>AMERICAN TRANSMISSION COMPANY LLC, *et al.*,<br><br>Intervenor-Defendants. | Case No. 19-CV-1007-wmc |

**AMERICAN TRANSMISSION COMPANY LLC, ATC MANAGEMENT INC., AND DAIRYLAND POWER COOPERATIVE'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

**INTRODUCTION**

Plaintiffs and non-party Howard Learner (collectively, "Plaintiffs") move this Court to strike portions of ATC and Dairyland's reply brief in support of their motion for attorneys' fees and costs, as well as a supporting declaration. *See* ECF No. 264. Plaintiffs opposed the motion for attorneys' fees and responded to the arguments that ATC and Dairyland raised therein. ATC and Dairyland replied in-kind without adding new argument. Plaintiffs now, without valid justification, ask this Court to either strike portions of ATC and Dairyland's reply or permit a second bite at the apple via sur-reply.

-1-

True to form, Plaintiffs' motion seeks little more than to have the last word in the parties' dispute over ATC and Dairyland's request for attorneys' fees and costs. Contrary to Plaintiffs' arguments, ATC and Dairyland's reply brief did not raise any new point of fact or law; Plaintiffs had the opportunity and did in fact respond to all arguments that ATC and Dairyland raised in support of their initial motion. Therefore, the Court should deny Plaintiffs' motion.

## ARGUMENT

### I. LEGAL STANDARD

Ordinarily, arguments raised for the first time in a reply brief are waived. "However, the purpose of this rule is to insure [sic] that the opposing party has an opportunity to respond to the argument." *McKeown v. Sears Roebuck & Co.*, 335 F. Supp. 2d 917, 938 (W.D. Wis. 2004). "While arguments made for the first time in a reply brief are generally treated as waived, it does not necessarily follow that arguments that are better developed in a reply brief are waived." *Hernandez v. Cook Cnty. Sheriff's Office,* 634 F.3d 906, 913–14 (7th Cir. 2011). Indeed, when a nonmovant raises issues or arguments in response to a motion, the movant is entitled to respond to those arguments in its reply brief. *See United States f/u/b/o Venture Electrical Contractors, Inc. v. Liberty Mutual Ins. Co.*, Case No. 17-cv-1473-pp, 2018 WL 4120175, at *4 (E.D. Wis. Aug. 29, 2018); *Wolotka v. School Town of Munster*, 399 F. Supp. 2d 885, 901 (N.D. Ind. 2005).

### II. ARGUMENT

#### A. ATC and Dairyland first raised the arguments that Plaintiffs seek to strike in their opening motion, not on reply.

Plaintiffs assert that two arguments ATC and Dairyland developed on reply were actually first asserted on reply, namely: (1) that ATC and Dairyland materially contributed to the resolution of the § 1983 action, and (2) that Plaintiffs were not prevented from collecting evidence to support their due process claims. ECF No. 264, at 2. Plaintiffs further contend that corresponding

statements made in the October 12, 2023 declaration of Brian Potts, *see* ECF No. 263, ¶¶ 7-9 ("Oct. 12, 2023 Potts Decl."), should have been first provided ATC and Dairyland's opening motion. The problem with Plaintiffs' argument is that ATC and Dairyland did in fact raise both arguments in its opening motion and were responding to arguments that Plaintiffs put at issue in their response briefing.

First, in their opening motion, ATC and Dairyland explained and argued that they materially contributed to the resolution of Plaintiffs' frivolous § 1983 action. ATC and Dairyland identified and discussed the extensive litigation efforts they took to oppose and ultimately secure dismissal of Plaintiffs' claims in state court. For example, in their opening motion, ATC and Dairyland explained that:

- In October 2020, the Plaintiffs moved to supplement the administrative record in the Dane County Circuit Court with documents produced in discovery in this proceeding. Between January and May 2021, there was extensive briefing by the parties, including ATC and Dairyland, on this motion. *See* ECF No. 256, at 11–12. In May 2021, the circuit court permitted discovery into the bias claims against former Commissioner Huebsch, but not Chairperson Valcq. These same facts were reflected in ATC and Dairyland's reply briefing. ECF No. 263, ¶¶ 8–11.

- The Plaintiffs subsequently issued wide-ranging discovery to parties and non-parties alike, including ATC and Dairyland. ECF No. 256, at 12. This was also reflected in ATC and Dairyland's reply briefing. ECF No. 263, ¶ 4.

- In July 2021, former Commissioner Huebsch filed an emergency motion to quash a subpoena that Plaintiffs issued to him and subsequently appealed that matter to the Supreme Court of Wisconsin, which eventually ruled in his favor. ECF No. 256,

at 12–13. ATC and Dairyland filed briefs in support of Huebsch's appeal in that matter. Again, these same facts were reflected in ATC and Dairyland's reply briefing. *See* ECF No. 263, ¶¶ 12, 19.

- The litigation in state court over Plaintiffs' due process claims "imposed additional and substantial unnecessary legal expenditures on both the Co-owners [including ATC and Dairyland] and the Commission." ECF No. 256, 14–15; ECF No. 257, ¶¶ 5–6. ATC and Dairyland also raised this in reply briefing. ECF No. 262, at 20–21.

Second, ATC and Dairyland demonstrated in their opening motion that Plaintiffs were not prevented from collecting evidence to support their due process claims. In their opening motion, ATC and Dairyland clearly explain that "the circuit court issued a decision and order on May 25, 2021, scheduling discovery and an evidentiary hearing concerning the bias claims against Commissioner Huebsch" and the Plaintiffs subsequently "issued wide-ranging and personally invasive discovery in the state proceeding to parties and non-parties alike . . . ." ECF No. 256, at 12. Further, ATC and Dairyland clearly explained that "Defendants produced thousands of pages of documents—including meeting minutes, emails, and personal text messages—to Plaintiffs." *Id.* at 10. In other words, in their opening motion, ATC and Dairyland not only established that Plaintiffs were authorized to collect evidence supporting their due process claims through discovery, but also described the nature of the evidence that Plaintiffs actually collected.

The fact that ATC and Dairyland further refined these points in reply to Plaintiffs' response brief does not mean that the corresponding portions of the reply should be struck. *Cf. Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993), *aff'd*, 41 F.3d 1510 (7th Cir. 1994) ("[W]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply

papers—both briefs and affidavits—may properly address those issues."). Rather, ATC and Dairyland were forced to further develop these arguments in response to Plaintiffs' opposition arguments that (1) "the resolution of this lawsuit was not accomplished as a result of ATC and Dairyland's litigation efforts," ECF No. 260 at 25, and (2) Plaintiffs were prevented "from obtaining evidence to support their bias claims," *id.* at 20. To rebut those arguments and further refine and develop the points from their opening motion, ATC and Dairyland reasserted that ATC and Dairyland meaningfully contributed to the dismissal of Plaintiffs' claims by resisting Plaintiffs' efforts to expand the administrative record, dismiss the due process claim against Chairperson Valcq, and prevent Plaintiffs from enforcing a preliminary injunction against the subject project. *See* ECF No. 262, at 7. ATC and Dairyland also re-asserted that the Dane County Circuit Court authorized Plaintiffs to collect "thousands of documents pursuant to discovery," which was in the appellate record before the Supreme Court of Wisconsin. *Id.* at 16.

The table below summarizes the relevant lines of argument that Plaintiffs seek to strike and clearly shows that, in their reply briefing, ATC and Dairyland were developing arguments that had already been articulated in their opening motion to respond to issues that Plaintiffs' raised in their opposition. The record on this motion clearly does not support Plaintiffs' argument that ATC and Dairyland were raising new arguments on reply.

| ATC and Dairyland's Opening Brief | Plaintiffs' Opposition | ATC and Dairyland's Reply |
|---|---|---|
| **Argument:** ATC and Dairyland contributed to the defense of Plaintiffs' claims amounting in legal fees of $3,273,068. | **Opposition:** The resolution of this lawsuit was not accomplished as a result of ATC and Dairyland's litigation efforts. | **Reply:** ATC and Dairyland contributed to the defense of the claims, and thus the resolution of the lawsuit in numerous ways. |
| **Argument:** Defendants produced thousands of pages of documents during discovery. | **Opposition:** Plaintiffs were prevented from obtaining evidence to support their bias claims. | **Reply:** Plaintiffs collected thousands of documents pursuant to discovery as evidence to support their due process claims. |

### B. The authorities cited by Plaintiffs do not support their motion.

Plaintiffs cite to several cases to support their motion to strike. Those cases are entirely inapposite and factually distinct.

First, Plaintiffs cite to *RepublicBank Dallas, N.A. v. First Wisconsin Nat'l Bank of Milwaukee*, 636 F. Supp. 1470, 1472 (E.D. Wis. 1986), to show that movants should be prevented from "springing new facts on an opposing party" in a reply brief. ECF No. 264 at 2. But as noted above, ATC and Dairyland did not "spring[] new facts" on Plaintiffs. ATC and Dairyland's reply brief and accompanying declaration merely referenced filings and hearings from the state proceeding that were already discussed in their opening brief. Moreover, the Plaintiffs were parties to that proceeding and were well aware of what occurred before ATC and Dairyland filed their motion for attorneys' fees. ATC and Dairyland did not "spring" anything new on Plaintiffs by merely making that list more explicit in the supporting declaration to their reply.

Second, Plaintiffs cite two cases for the proposition that arguments raised for the first time in a reply brief are waived and should not be considered by the court. ECF No. 264 at 2 (citing *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998); *Eby-Brown Co. v. Wisconsin Dep't of Agriculture, Trade, & Consumer Protection*, 213 F. Supp. 2d 993, 1011 (W.D. Wis. 2001)). These cases are factually distinct. In *James*, the movant devoted no argument in its opening brief to a wholly new argument it later asserted in its reply. 137 F.3d at 1008. Relatedly, the movant in *Eby-Brown* barely mentioned the relevant argument in its opening brief and then later devoted considerable space in its reply to the argument. 213 F. Supp. 2d at 1011 (dedicating only one sentence to the argument in its opening brief and five and half pages to the argument in its reply); *see also Citizens Against Ruining the Env't v. EPA*, 535 F.3d 670, 675 (7th Cir. 2008) (one sentence in opening brief, lengthy discussion in reply); *Bakalis v. Golembeski*, 35 F.3d 318, 326 n.8 (7th Cir. 1994) (argument in footnote of opening brief, fully developed later in reply brief). Unlike

these cases, ATC and Dairyland devoted equal and considerable attention to the relevant arguments in both their opening and reply briefs.

### C. No sur-reply is warranted.

Plaintiffs request sur-reply if the Court declines to strike portions of ATC and Dairyland's reply brief. ECF No. 264 at 3. Sur-reply is only warranted in rare circumstances. *Cf.* Index to Preliminary Pretrial Packet in Cases Assigned to District Judge William M. Conley, at 6 ("The court only permits sur-replies in rare situations."); *see also Pope v. Espeseth, Inc.*, 228 F. Supp. 3d 884, 887 (W.D. Wis. 2017) ("The court has previously explained to the parties that it permits sur-replies only in rare, unusual situations."). Setting aside the fact that Plaintiffs had the opportunity to respond to the arguments of which they complain, no rare circumstance warranting a sur-reply exists here. Plaintiffs should therefore be denied opportunity to file sur-reply.

## CONCLUSION

For the foregoing reasons, ATC and Dairyland respectfully request that this Court deny Plaintiffs' Motion to Strike and deny them the opportunity to file a sur-reply.

-8-

Respectfully submitted,

DATED: November 22, 2023

**PERKINS COIE LLP**

*s/ Brian H. Potts*
Brian H. Potts, (WI Bar No. 1060680)
BPotts@perkinscoie.com
David R. Zoppo, (WI Bar No. 1094283)
DZoppo@perkinscoie.com
33 East Main Street, Suite 201
Madison, Wisconsin 53703
Phone: (608) 663-7460
Facsimile: (608) 663-7499

*Attorneys for American Transmission Company LLC and ATC Management Inc.*

**FREDRIKSON & BYRON, P.A.**

*s/ Justin W. Chasco*
Justin W. Chasco (WI Bar No. 1062709)
JChasco@fredlaw.com
44 East Mifflin Street, Suite 1000
Madison, WI 53703
Phone: (608) 441-3813


*Attorneys for Dairyland Power Cooperative*