IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DRIFTLESS AREA LAND CONSERVANCY
and WISCONSIN WILDLIFE FEDERATION,

Plaintiffs,

v.

OPINION and ORDER

19-cv-1007-wmc

REBECCA VALCQ and TYLER HUEBNER,
in their official capacities as members of the
Public Service Commission of Wisconsin,

Defendants,

and

AMERICAN TRANSMISSION COMPANY, LLC, *et al.*,

Intervenor Defendants.

---

Plaintiffs Driftless Area Land Conservancy and Wisconsin Wildlife Federation filed this lawsuit to challenge permits issued by the Public Service Commission ("PSC") of Wisconsin that authorized two transmission companies and an electricity cooperative to build and operate a new high-voltage powerline through a federally protected wildlife and fish reserve in southwestern Wisconsin. Plaintiffs also filed a lawsuit in state court seeking to invalidate the permits. At the direction of the Seventh Circuit, this court stayed the federal case under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976), pending resolution of those state proceedings. *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 515 (7th Cir. 2021) ("*Driftless II*"). Following entry of that stay, the state courts proceeded to consider and reject plaintiffs' challenges based on alleged conflicts of interests of the PSC commissioners, including federal due process claims. This

court then lifted its stay and dismissed plaintiffs' remaining claims with prejudice under the doctrine of claim preclusion. (Dkt. #254.)

Intervenor defendants American Transmission Company and Dairyland Power Cooperative subsequently moved to recover more than $3 million in attorneys' fees and costs from plaintiffs under the fee-shifting provision of 42 U.S.C. § 1988, which authorizes recovery of fees by a prevailing party in civil rights cases brought under § 1983. 42 U.S.C. § 1988(b). (Dkt. #256.) The intervenors also seek to hold plaintiffs' counsel, Attorney Howard Learner, jointly liable for the fees and costs. Because the intervenors have failed to show that plaintiffs' claims were frivolous or unreasonable, or that plaintiffs continued to litigate after they clearly became so, the motion will be denied.

## FACTS[1]

### A. Background

Plaintiffs are two Wisconsin environmental groups -- Driftless Area Land Conservancy and the Wisconsin Wildlife Federation -- both of whom sued the Public Service Commission of Wisconsin and its three commissioners at the time -- Rebecca Valcq, Michael Huebsch, and Ellen Nowak. In turn, the intervenors are the utility companies that held the permit for the powerline construction and now own and operate

[1] Additional factual findings in this case can be found in this court's and the Seventh Circuit's earlier decisions. *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742 (7th Cir. 2020) ("*Driftless I*"); *Driftless II*, 16 F.4th at515–18; dkt. #49 and #159. Here, the court recounts only the facts necessary to address the intervenors' motion for attorneys' fees and costs.

the power line -- American Transmission Company LLC, ITC Midwest LLC, and Dairyland Power Cooperative, although ITC Midwest did not join this motion for attorneys fees.

After the co-owners of the powerline applied for state construction permits, the PSC convened an administrative contested case in which more than 50 parties intervened, including plaintiffs. In 2019, those parties: engaged in extensive prehearing discovery and motion practice; submitted written testimony and exhibits into the record; participated in a week-long technical hearing; and submitted post-hearing briefs. In August 2019, the PSC unanimously determined that the powerline project was in the public interest and orally approved it.

A month later, before the PSC had issued its final written decision, plaintiffs filed a motion with the PSC requesting that Commissioners Valcq and Huebsch recuse themselves from deliberating on the merits of the administrative case before it. On September 26, 2019, the PSC denied plaintiffs' recusal motion and issued a written decision approving the permits for the project.

On December 11, 2019, plaintiffs filed this lawsuit under 42 U.S.C. § 1983, claiming that: Commissioners Huebsch and Valcq acted with bias in approving the permit in violation of the Due Process Clause of the U.S. Constitution; and the PSC's decision to issue the permit amounted to an unconstitutional taking of land for a private purpose in violation of the Fifth and Fourteenth Amendments. Two days later, plaintiffs also filed petitions for judicial review of the PSC's decision in state circuit court under the Wisconsin Administrative Procedure Act.

### B. Parallel Federal, State and PSC Proceedings

Defendants (then comprising three commissioners and the PSC itself) and intervenors moved to dismiss this lawsuit, advancing a number of jurisdictional arguments, as well as arguing plaintiffs failed to state a claim under Rule 12(b)(6). In November 2020, this court granted in part and denied in part defendants' and intervenors' motions to dismiss, dismissing plaintiffs' takings claim and the PSC as a party, along with Commissioner Ellen Nowak from plaintiffs' remaining due process claim. (Dkt. #159, at 36.) The court otherwise denied those motions to dismiss. Specifically, this court rejected defendants' argument that state sovereign immunity barred the lawsuit and defendants' abstention arguments. (*Id.* at 6, 16.) The court also rejected intervenors' argument that plaintiffs waived their bias claim by not raising it in a timely manner. (*Id.* at 34–25.) Both defendants and intervenors then filed interlocutory appeals. Ultimately, the Seventh Circuit dismissed the intervenors' appeal for lack of appellate jurisdiction (dkt. #217), and issued an opinion rejecting the defendants' sovereign immunity defense, but ordered this court to stay this case the federal due process claim under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), "pending [potentially] dispositive developments in the state litigation." *Driftless II*, 16 F.4th at 524–29.

Meanwhile, the parties engaged in some discovery in this federal case. (*E.g.*, dkt. #160 (granting plaintiffs' motions to compel discovery and denying John Garvin's motion to quash a deposition in the wake of this court's denial of the dismissal motions).) That discovery revealed Commissioner Huebsch had engaged in *ex parte* communications with the permit applicants' key officials and registered lobbyists during the pendency of the PSC

proceeding, although the content of the communications was unknown. However, further discovery was stayed in December 2020 in light of a Seventh Circuit order staying the district court proceedings pending its decision on the then pending interlocutory appeal. (Dkt. #206.)

In June 2021, ATC, Dairyland and ITC Midwest acknowledged in a letter to the PSC that discovery had revealed "Commissioner Huebsch engaged in regular communications with an ATC employee, a former independent contractor for ITC, and other individuals over several years and while the [permit] application was pending." (Decl. of Michael Van Sicklen (dkt. #261) Ex. A & B.) As a result, the utility companies asked the PSC to rescind its final decision granting the permit authorizing the construction of the transmission line to ensure "the transparency, fairness, and integrity of all regulatory and judicial proceedings." *Id.*; *see also Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021) ("On June 28 the transmission companies returned to the Commission and asked it to reopen the permit proceedings on its own motion to rescind and reconsider the permit based on the conflict-of-interest allegations regarding Huebsch."). On the same day, defendants' counsel withdrew from representation of Commissioner Huebsch in this court and in the related state litigation, explaining that the PSC's interests "may be adverse" in light of the new evidence regarding Huebsch's *ex parte* communications with the permit applicants' employees and lobbyists. (Dkt. #219, at 2.)

In the state proceedings, the parties had fully briefed plaintiffs' petitions for judicial review by the summer of 2020. However, plaintiffs moved to supplement the administrative record before the state circuit court with documents that were produced in

discovery in the federal proceeding. In January 2021, after briefing and oral argument on plaintiffs' motion, the circuit court dismissed plaintiffs' claims against Commissioner Valcq, while finding that plaintiffs had alleged a "*prima facie*" claim of bias against Commissioner Huebsch and could conduct further discovery on that claim. Plaintiffs then issued a discovery subpoena to Huebsch, which he moved to quash. When his motion was denied, Huebsch then appealed. The Wisconsin Court of Appeals dismissed that appeal as moot after plaintiffs withdrew the discovery subpoena, but when plaintiffs later issued a trial subpoena to Huebsch, he directly petitioned the Supreme Court of Wisconsin for relief.

On July 7, 2022, the supreme court issued a divided opinion in *County of Dane v. Public Service Commission of Wisconsin*, 2022 WI 61, 403 Wis. 2d 306, 976 N.W.2d 790. Four of the seven justices agreed, explaining in a single paragraph of the opinion that "the circuit court improperly denied Huebsch's motion to quash the discovery subpoena he received," and in their view, the "allegations of bias do not come close to the level of alleging a cognizable due process claim." *Id.* ¶ 4. Three of these justices would have gone further and reversed the trial court's order to expand the record under Wis. Stat. § 227.57(1); while the fourth justice declined to go that far, confining his concurring opinion to reversing the trial court's decision not to quash a subpoena under Wis. Stat. § 805.07(3). *Id.* ¶¶ 87–88 (Hagedorn, J., concurring). Finally, three justices dissented, under the view that the trial should have been allowed to continue. *Id.* ¶¶ 99–125 ("Had the trial been allowed to proceed without this court's meddling and had the final judgment deemed Huebsch unconstitutionally biased, then a traditional appeal would squarely raise the very

same adjudicator-bias issue.") (Karofsky, J., dissenting, in which Bradley, A.W., J. and Dallett, J. joined).

**C. Dismissal of Federal Lawsuit**

On January 2, 2023, new counsel for former Commissioner Huebsch filed motions to intervene, to lift the stay, and to enter judgment on the pleadings based on issue and claim preclusion. (Dkts. ##226, 229, 233.) The next day, plaintiffs also filed a motion to lift the stay, arguing that "dispositive developments had occurred in the parallel state court litigation." (Dkt. #235, at 2.) However, plaintiffs further argued that the Wisconsin Supreme Court's opinion in *County of Dane* regarding a state discovery procedure, should not have preclusive effect on the merits of their § 1983 due process claim in federal court. Finally, defendants and intervenors took the position that the stay should remain in place, arguing that the *County of Dane* decision was not a "dispositive development," but if it were, should have preclusive effect on the federal due process claim. (Dkts. ##240, 241, 245–47.)

On July 25, 2023, this court issued an opinion and order lifting the stay, dismissing plaintiffs' § 1983 claims with prejudice as precluded by the Wisconsin Supreme Court's decision, and denying all other pending motions as moot. (Dkt. #254.)

OPINION

As noted, ATC and Dairyland -- two of the three original intervenors -- have moved to recover attorney fees and costs from plaintiffs under 42 U.S.C. § 1988. Under that

statute, the court has discretion to "allow the prevailing party, other than the United States, a reasonable attorney's fee" in a civil rights lawsuit filed under 42 U.S.C. § 1983. *Fox v. Vice*, 563 U.S. 826, 832–33 (2011). However, a *defendant* is considered a "prevailing party" under § 1988 only if the plaintiffs' action "was frivolous, unreasonable, or without foundation," or if they continued to litigate in the face of factual developments that arose during the course of the litigation and rendered the suit frivolous. *Id.* (*quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978); *see also Leffler v. Meer*, 936 F.2d 981, 986 (7th Cir. 1991) ("[T]o warrant the grant of section 1988 prevailing defendant attorney's fees, the plaintiff's action must be meritless in the sense that it is groundless or without foundation.").

An action is frivolous "if it has no reasonable basis, whether in fact or in law." *Roger Whitmore's Auto. Servs., Inc. v. Lake Cnty., Illinois*, 424 F.3d 659, 675 (7th Cir. 2005) (citation omitted). A lawsuit is not frivolous simply because it has "little chance of success" or is ultimately not meritorious. *Cooney v. Casady*, 735 F.3d 514, 521 (7th Cir. 2013). Even allegations that "prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation.'" *Hughes v. Rowe*, 449 U.S. 5, 16 (1980).

Here, the intervenors contend that plaintiffs' claim of bias under the Due Process Clause was frivolous. (Dkt. #256 at 17–18.) Further, even if not frivolous on its face, they further argue that the Wisconsin Supreme Court's decision in July of 2022 resolved this issue, because a majority of the justices found that plaintiffs' "allegations of bias do not come close to the level of alleging a cognizable due process claim." *County of Dane*, 2022 WI 61, ¶ 4. However, intervenors' motion essentially ignores that, before the

Wisconsin Supreme Court's decision, this court held plaintiffs' allegations were sufficient to state a claim of unconstitutional bias. (Dkt. #159, at 31–34.) Moreover, the Seventh Circuit did not reverse that holding on appeal. Likewise, the Dane County Circuit Court held that plaintiffs in the related state case had "demonstrat[ed] a reasonable likelihood of success on the merits of their bias claims." (Dkt. #261-6.) Finally, three justices on the Wisconsin Supreme Court would have permitted plaintiffs' claims to proceed. *See Dane*, 2022 WI 61, ¶ 116 (Karofsky, J., dissenting).

Even with the benefit of hindsight, intervenors ignore that the discovery process *in this case* produced enough evidence of *potential* bias on the part of Commissioner Huebsch that ATC and Dairyland were prompted to ask the PSC to rescind the permit challenged here due to a potential conflict of interest. At most, therefore, the Wisconsin Supreme Court's decision shows that reasonable jurists can disagree about whether plaintiffs' claim lacked a reasonable basis in law or fact, but this is not sufficient to show that plaintiffs' action was frivolous or groundless.

Anticipating that plaintiffs' lawsuit might not be found frivolous, the intervenors alternatively argue that the court should award fees because plaintiffs pursued "duplicative" litigation and continued to litigate after it became clear that their claims were meritless. But this argument also fails. To begin, this court initially agreed with plaintiffs that the state-court lawsuit seeking judicial review of the PSC's decision had "not assert[ed] any of the federal constitutional issues." (Dkt. #159, at 17.) Although the Seventh Circuit later determined that both the state and federal lawsuits raised bias claims that were similar enough to justify staying the federal litigation pending the outcome of the state litigation,

that did not render plaintiffs' claims frivolous or unreasonable. Nor did plaintiffs take a frivolous position when they later asked this court to lift the stay and allow the § 1983 litigation to continue after the Wisconsin Supreme Court's decision. Indeed, while the court rejected plaintiffs' position, there was at least a colorable argument that the state court's decision in a judicial review proceeding had no preclusive effect on their remaining civil rights action. Regardless, "[t]here is a significant difference between making a weak argument with little chance of success ... and making a frivolous argument with no chance of success," since "it is only the latter that permits defendants to recover attorney's fees" under § 1988. *Cooney v. Casady*, 735 F.3d 514, 521 (7th Cir. 2013) (citation omitted). Even if plaintiffs' remaining due process claims and legal arguments were weak, "a weak case does not a frivolous case make." *Roger Whitmore's Auto. Servs.*, 424 F.3d at 676.

In sum, the court concludes that plaintiffs' claims were neither frivolous nor unreasonable, nor that plaintiffs continued to litigate when it became clear that they were. Thus, the intervenors' request for fees and costs fails. The court declines to resolve the parties' remaining disputes about whether the intervenors qualify as "prevailing parties"; whether the court could award fees incurred in state court proceedings; whether the intervenors could recover the PSC's fees and costs; and whether the court should hold plaintiffs' counsel jointly liable for fees.

ORDER

IT IS ORDERED that:

1) The motion for attorneys' fees filed by Intervenor-Defendants American Transmission Company LLC and Dairyland Power Cooperative (dkt. #256) is DENIED.

2) Plaintiffs Driftless Area Land Conservancy and Wisconsin Wildlife Federation's motion to strike (dkt. #264) is DENIED as moot.

Entered this 4th day of November, 2025.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge